JACKSON, *ex dem.* STERNBERG AND OTHERS, *against* SHAFFER.

THIS was an action of ejectment, brought to recover a piece of land in lot No. 27. in the patent granted to *Abraham Van Horne* and others, and another piece of six acres adjoining, in lot No. 11. in the same patent, in the town of *Minden*. The cause was tried at the *Montgomery* circuit, in *September*, 1813, before Mr. Justice *Yates.*

The plaintiff, at the trial, gave in evidence a judgment in the *Montgomery* court of C. P., in favour of *John C. Ehle* against *Peter Borst*, jun. for 220 dollars and 50 cents, docketed *February* 1st, 1802, an execution thereon, and a deed from the sheriff, under a sale on the execution, dated *June* 22d, 1802, to *Isaac Ellwood*, for the consideration of 182 dollars; the premises described as situated in *Minden*, bounded, &c. " containing 50 acres more or less;" also a deed from *Isaac Ellwood* to the defendant, dated *June* 1st, 1803, for the consideration of 687 dollars and 50 cents, which conveyed six acres of land, part of lot No. 11. above mentioned, by metes and bounds, described to be in two pieces, one of 5 1-4 acres, and the other of 1 3-4 acres, and also the piece of 50 acres, part of lot No. 57., described, &c., said to contain 50 acres of land, more or less. By this deed the grantor covenanted, as to the six acres, to be in possession in *fee-simple*, &c. and, as to the parcel of 50 acres, he covenanted for the peaceable and quiet possession thereof to the defendant for ever, he yielding and paying to *Abraham Van Vechten* the rent reserved in the lease thereof, and observing the covenants contained in the lease thereof given to *Jeremiah Van Alstyne* by the said *Abraham Van Vechten*, &c.

The plaintiff also gave in evidence a judgment in the supreme court, in favour of *A. Rush*, against the defendant, dated the 15th of *September*, 1809, and an execution thereon, tested the 19th of *August*, 1809, returnable the second *Monday* of *November*, and a sale by virtue thereof of the defendant's lands and tenements, to *Peter Sternberg*, one of the lessors of the plaintiff, and *Jacob Smith*, and a deed to them from the sheriff, dated *March* 31st, 1810, of all that farm, &c. in lot No. 27. in *Van*

*Where a judgment is revived by sci. fa. against the original defendant, it is not necessary to make the tertenants parties.*

*It is only necessary to join the tertenants where the original defendant is dead.*

*A new security of an equal or inferior degree is not an extinguishment of a prior debt.*

*A bond and warrant of attorney on which judgment is entered, are not an extinguishment of a previousjudgment against the same defendant.*

*Where land is sold under a fi. fa., and a deed executed by the sheriff, the court may under the circumstances of the case, presume that it had been levied upon.*

*Horne's* patent, and part of lot No. 11., &c. in possession of the defendant, &c. also a deed from *Jacob Smith*, conveying to *Sternberg* an equal moiety of the premises so conveyed by the sheriff's deed.

The defendant gave in evidence a judgment of this court, docketed the 30th of *October*, 1798, in favour of *James* and *Archibald Kane*, against *Peter Euders, Johannis Euders,* and *Peter Borst,* jun. for 9,000 dollars debt, and 15 dollars and 84 cents costs, which was revived by *scire facias* on the 26th of *December*, 1803, and a writ of *fi. fa.* issued to the sheriff of *Schoharie*, tested the 28th of *November*, 1803, on which was endorsed a direction to the sheriff to levy 93 dollars and 69 cents of the property of *Peter Borst*, jun. with poundage; and a return of the sheriff was also endorsed, that he had levied 28 dollars of the lands and tenements of *Peter Borst*, jun. and *nulla bona* as to the residue. A writ of *fi. fa.* was also issued on the same judgment, directed to the sheriff of *Montgomery*, tested the 6th of *February*, 1804, on which was endorsed a direction to the sheriff to levy of the property of *Peter Borst*, jun. 58 dollars and 69 cents, with poundage; to which the sheriff of *Montgomery* returned that he had made of the lands and tenements of *Peter Borst* 50 dollars, and *nulla bona* as to the residue. The defendant also gave in evidence a deed from the sheriff of *Montgomery* to *Archibald Kane*, dated the 18th of *June*, 1804, for two pieces of land, one of which, being 100 acres of wood-land, sold for 30 dollars, and the other, being a piece of land now or late in possession of *Jacob Shaffer*, containing about 50 acres, sold for 20 dollars, the last piece of land being the premises in question.

It further appeared that a judgment was obtained in this court, in an action of ejectment brought by *James* and *Archibald Kane*, against the casual ejector, by default, and docketed, the 7th *November*, 1812. The premises, described in the demise of the lessors, were fifty acres of arable land, fifty acres of wood, &c. in *Minden*, &c. and in which action, *Peter Sternberg* and *Jacob Smith* were the tenants, and entered into the consent rule. An *hab. fac. poss.* on that judgment, dated the 31st *October*, 1812, was returned by the sheriff, that he had caused possession to be delivered, &c.; and it was proved that by direction of the lessors, possession was delivered to the defendant, of the lot of

about fifty acres, and the defendant also requested the possession of the piece of six acres, which was accordingly delivered, though *Sternberg* objected, that the defendant had no right to be put in possession of the six acres, as the recovery in the ejectment was only for the fifty acres.

It appeared that the judgment above mentioned, in favour of *J.* and *A. Kane* against *Peter Euder, Johannis Euder,* and *Peter Borst,* jun. was for a debt of 1,800 pounds, one third part of which was to be paid by each of the defendants; that on the 4th of *October,* 1799, *P.* and *J. Euder* paid their proportions of their judgment, and took the following receipt, signed by *James* and *Archibald Kane:* " Received of *Peter* and *Johannis Euder,* at sundry times, 1,200 pounds, being in full of principal and interest for their part of a bond and judgment, given by them and *Peter Borst,* jun. the 24th of *October,* 1798, and we do hereby acknowledge the discharge thereon for the same *Peter* and *Johannis Euder,* and their heirs, executors, and administrators."

It was proved that *Borst* had paid 1,400 dollars on the same judgment, and that afterwards, about the 29th *February,* 1802, judgments were entered on two bonds, with warrants of attorney, in favour of *James* and *Archibald Kane* against *Peter Borst,* and which were given on a settlement of accounts between him and *J.* and *A. Kane,* in which was included the balance due to them from *Borst* in the former bond and judgment against *P.* and *J. Euder* and *Borst.*

The judge being related to one of the persons incidentally interested in the cause, declined giving any opinion on the evidence, or points arising in the cause; and a verdict was taken for the plaintiffs, subject to the opinion of the court on a case as above stated.

*A. Van Vechten,* for the plaintiff. He cited *Bac. Abr. Obligation,* (D.) *Tidd's Pr.* 1048.

*Cady,* contra.

VAN NESS, J. delivered the opinion of the court. The plaintiff having, in the first place, shown a sufficient title to the six acres, and fifty acres, described in the case, he is entitled

to recover both, unless the *Kanes*, under whom the defend-ant now holds, acquired a paramount title, in virtue of the sale made under their judgment, against the *Euders* and *Borst ;* and this is the only question in the cause.

The lot of six acres was never subject to be sold under that judgment, because it never belonged to *Borst ;* nor is it even included in the deed from the sheriff to the *Kanes,* so that the taking possession of it, under the *hab. fac. poss.* was wholly irregular and unjustifiable. The plaintiff is, therefore, entitled to recover the six acres.

His right to recover the *fifty* acres, depends upon the regula-rity of the proceedings to revive *Kane's* judgment. The ex-ceptions taken to these proceedings is, that the *tertenants,* and the original defendants, ought to have been made parties; and that, therefore, as against the former, they are irregular and void. This is not well founded. It was not necessary to make the tertenants parties.

If the execution in favour of the *Kanes* had been issued within the year and a day, any lands purchased and possessed by third persons, after the docketing of the judgment, might have been sold. Here, the plaintiff having lain by, for more than a year and a day, after he had obtained judgment, it be-came necessary to revive it against the original defendants, which, when revived, was of the same force and effect, and, of course, liable to be proceeded upon in the same manner, as if the time within which an execution might legally have been is-sued, had not been suffered to elapse. It is in the case of the death of the original defendant, that the tertenants are to be made parties, and not where the original defendant is living. (*Tidd's Prac.* 1021. 1023. 2 *Saund.* 7. *n.* 4.) Admitting, however, that the defendant could now be allowed to avail himself of any facts in his defence, which the tertenants might have pleaded in bar, provided they had been made parties to the *sci. fa.* it would not alter the result,

It was argued that the bonds and warrants of attorney taken by the *Kanes* against *Borst,* and upon which judgment was en-tered in *February,* 1802, were to be considered either as a satis-faction, or an extinguishment of the judgment under which the *Kanes* sold. That they were taken and accepted as payment

is not true in point of fact; and that they did not operate as an extinguishment of the prior judgment is abundantly clear. The bond and warrants of attorney, and the judgment entered thereon, were not a security of a higher nature than the former judgment; and where a creditor takes a new security, of an equal or inferior degree, it is not an extinguishment of the original debt. (*Manhood* v. *Erick, Cro. Eliz.* 718.) S. C. entitled *Norwood* v. *Grype, id.* 727.) 6 *Co. Rep.* 44. *Higgins's Case. Philips, Adm.* &c. v. *Johnson,* (8 *Johns. Rep.* 54.)

Another point was made in behalf of the defendant, which it is necessary briefly to notice, namely, that the sale under the judgment in favour of *Ehle,* which is the foundation of the plaintiff's title, is void, because it is not shown there had been a previous levy by the sheriff. It nowhere appears that there had not been a levy; and if it were necessary, the court, under the circumstances of this case, would presume it to have been made. The result is, that the plaintiff is entitled to recover the six acres, and no more.

Judgment for the plaintiff, accordingly.