WEBSTER vs. SAUNDERS, Terret. of DULEY.

APPEAL from *Harford* County Court. A writ of *scire facias* issued on the 7th of April 1807, on a judgment recovered in that court in March 1801, by the plaintiff, (now appellant) against *James Duley.* The sheriff returned that he had made known to the defendant (the appellee,) as terretenant of a tract of land called *William's Ridge.* The defendant pleaded that *Duley* was not seized at the time of the rendition of the judgment, or ever after. The plaintiff replied that *Duley* was seized, &c. of the said land, and also of a tract of land called *Coleraine,* of which the defendant is terretenant, &c. Issue joined.

At the trial the plaintiff read in evidence the judgment in the writ of *scire facias* mentioned; also a patent to one *Richardson* in the year 1764, for the tract of land called *Coleraine,* mentioned in the pleadings; and also read in evidence a deed from *Duley* to *Robert Saunders,* the defendant, dated the 16th of June 1803, "for part of a tract of land called *Williams' Ridge,* conveyed to him the said *Duley* by *N. Horner,* containing 100 perches, also ten acres of land, being part of a tract called *Coleraine,* which the said *Duley* bought of *Samuel Groome Osborn,*" &c. He also proved by witnesses sworn in the cause, that *Duley* cleared the said part of said land, built a dwelling-house thereon, and lived upon the same 24 or 25 years. The defendant then by the same witnesses, offered to prove by the declarations of *Duley,* that he had rented said land of *Samuel Groome Osborn,* in said deed mentioned, when he first took possession of it, before it was cleared. To the giving of which evidence the plaintiff objected. But the Court, [*Bland* A J.] overruled the objection, and admitted the evidence to be given to the jury. The defendant further proved by the same witnesses, that *Duley* had paid rent for said land to said *Osborn* before it was cleared, for seven or eight years. The defendant then prayed the court to direct the jury, that the plaintiff was not entitled to recover; to which the plaintiff objected. But the court were of opinion that the plaintiff was not entitled to recover, and so directed the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, JOHNSON, and MARTIN, J. by

*Kell* for the Appellant, and by
*Winder* for the Appellee.

JUDGMENT AFFIRMED.

On a *scire facias* by W against S a terre-tenant of D, he pleaded that D was not seized of the land, &c. Evidence was offered of a grant, issued for the land in 1764 to R, and a. deed from D to S in 1803 That D cleared a part of the land, and built a dwelling-house thereon and lived therein 24 years; that he declared, when he first took possession that he had rented the land of S O; and it was proved that D paid rent for the land to S O, before it was cleared, for 7 or 8 years.—*Held,* that the declarations of D were admissible in evidence; and that W was not entitled to recover.