## Case No. 7,131.

JACKSON v. BANK OF THE UNITED STATES et al.

[5 Cranch, C. C. 1.] [1]

Circuit Court, District of Columbia. Dec. 1, 1836.

[1] [Reported by Hon. William Cranch, Chief Judge.]

R. S. Coxe, for defendants,

Mr. Redin, contrà.

MORSELL, Circuit Judge, did not concur, and THRUSTON, Circuit Judge, not having heard the argument, the case was continued to this term for further argument.

R. S. Coxe, for defendant,

Mr. Redin, contrà,

R. S. Coxe, in reply,

THE COURT dissolved the injunction for want of equity in the bill, saying that the complainant might move to quash the return of the fieri facias, or might have an audita querela. CRANCH, Chief Judge, gave no opinion, not having had time to consider the case since this argument, and not being satisfied that his former opinion was not correct.

In 2 Saund. 6, note 1, in the case of Jeffreson v. Morton, Sergeant Williams says, "Though the plaintiff should die within the year after judgment, his personal representative cannot have execution against the defendant without scire facias. Fitz. Ex'n. 243; 15 Hen. VII. 16b; 1 Rolle, Abr. 900, P, pl. 1, 2. Nor. in case of the death of the defendant, within that period, can the plaintiff have an elegit under the statute of 2 Westm. c. 18, against his lands in the hands of his heir or terre-tenants; or generally any other execution, without a scire facias against his heir and terre-tenants, or personal representatives"—"the rule being that where a new person, who was not party to a judgment or recognizance, derives a benefit by, or becomes chargeable to, the execution, there must be a scire facias to make him party to the judgment or recognizance. Penoyer v. Brace, 1 Ld. Raym. 245, 1 Salk. 319, 320; Reg. v. Ford, 2 Ld. Raym. 768; 2 Inst. 471." In Isams's Case, Moore, 367, it is said, "If two recover and one die. a scire facias shall issue against the defendant before execution shall issue, because he may have a release of the dead one to plead. Quod fuit concessum."

In Fitzh. Nat. Brev. p. 597, fol. 267, D, he says, "If a man be bound in a recognizance in chancery, or other court of record, and afterwards the recognizee dieth. his executors may sue forth an elegit to have execution of the lands of the recognizor; and if the sheriff return that the recognizor is dead, then the executors shall have a special scire facias against the heir of the recognizor, and against those who are tenants of the lands which he had at the day of the recognizance made;" and after giving the form of the writ, he says, "and thereby appeareth that if a man be bounden in a recognizance, &c., although the recognizee dieth, yet his executors cannot sue forth an elegit to have execution of the recognizance, within a year after the day of payment, without suing forth a scire facias against the recognizor, &c. But against the heir of the recognizor. or the terre-tenants, the recognizee or his executors ought to sue forth a scire facias &c., otherwise, if they be ousted, &c., by such execution of their lands. they shall have an assize of novel disseisin," &c. And in page 595, fol. 266, C. Fitzherbert says. "And after the year and day of payment passed of the recognizance. the recognizee ought for to sue a scire facias against the recognizor to show what he can say why the recognizee should not have execution; and if he be returned upon that writ warned by the sheriff, if he do not appear, or if he do appear and cannot say anything wherefore he should not have execution. then the recognizee may sue forth the writ of elegit to have execution of all his goods, and of the moiety of his lands; and if the sheriff return the elegit, that the recognizor hath made a feoffment in fee of part of the lands, to divers tenants, &c., and that he hath enfeoffed the king of the residue; then, upon that return, the lands. whereof the king is seized by that feoffment, are discharged. But he may sue a scire facias to warn the other tenants to appear at a certain day to show cause wherefore the said lands should not be delivered in execution; and if they be warned and do not appear, or if they come and cannot say any thing, &c., to bar the execution, then the recognizee shall have execution against them of those lands. by writ of elegit, &c. But he shall have the elegit before that he sueth the scire facias against those tenants." That is. as I understand him, the recognizee shall first have an elegit against the recognizor, and if the sheriff returns that the recognizor has aliened his lands to divers tenants, the recognizee may then have his scire facias against those tenants. Here. then. it appears that if the recognizor aliens his lands, the recognizee may have a scire facias against the terre-tenants of the recognizor in his lifetime. The rule to be derived from these two passages of Fitzherbert, is. that if the sheriff return upon the elegit or the levari facias, (which were the only writs of execu-

tion which could affect the lands in England,) that the debtor is dead, or has aliened his lands to divers tenants, the plaintiff must sue a scire facias to the terre-tenants before he can take their lands in execution; and there is as much reason for a scire facias against the terre-tenants in case of alienation, as there is in case of the death of the debtor. They are "not parties to the judgment;" they are "new persons," (according to the rule laid down by Sergeant Williams in his note to Saunders,) "chargeable to the execution," and, therefore, must have a day in court to show cause why their lands should not be liable to the execution. There are many things which may be pleaded in bar of the execution, such as satisfaction; or a release; or that the debtor was not seized on the day of the judgment, nor at any time since; or that there are other tenants not named; or non-tenure of the freehold, &c. Nothing can be more just than that they should have an opportunity to show these things, which they cannot do without a scire facias. Being no parties to the record, they have no standing in court; nor can they, of right, make any motion in the cause. A fieri facias is said to be not a returnable writ; it gives no day in court, even to the parties.

Lord Coke, in 2 Inst. 471, says, "One that is not a party to the record, recognizance, fine, or judgment, as the heir, executor, or administrator, though they be privy, and though it be within the year, shall have no writ of execution, but are to have a scire facias to enable themselves to the suit; and so likewise of the tenant's or defendant's part, for the alteration of the person altereth the process; otherwise it is of a statute staple or merchant, &c., because the process is given by other acts of parliament." By the statutes which gave the statute merchant, the statute staple, and the recognizance in the nature of a statute staple, the creditor may, at any time after forfeiture, without scire facias, have execution of the lands which his debtor had at the time of the recognizance acknowledged, in whose hands soever they may have come, either by feoffment or otherwise; but the provisions of those statutes do not apply to recognizances and judgments at law, taken or rendered in the court of chancery or in the courts of common law. See 11 Eliz. I. St. De Mercatoribus; 13 Eliz. I. St. 3; 27 Eliz. III. St. 2, c. 9, and 23 Hen. VIII. c. 6. In 4 Inst. 396, Lord Coke says, "Upon the equal construction of these words" (medietatem terrae suae) "if the conusor be seized of black-acre, white-acre, and green-acre, and after judgment given or recognizance knowledged, enfeoffeth A. of white-acre, and B. of black-acre, and retains green-acre to himself; in this case he" (the conusee) "may have the moiety of green-acre, and never intermeddle with the rest; but he cannot extend the moiety of the acre in the hand of any pur-

chaser, except he extend also a moiety of all the land subject to the judgment or recognizance; and if he omit any, the extent shall be avoided in an audita querela; for where it is said in books that each purchaser shall have contribution in that case, the meaning is that such extent of part shall be avoided, and all the land extended and equally charged." "So likewise, if there be two or more conusors, the lands of them all must be extended; and hereof you may read at large in Harbert's Case; all which are just and righteous expositions." In Harbert's Case, 3 Coke, 12, b, he says, the heir, in general, shall not have contribution against the terre-tenants, because he is "pars patris," "alter ipse;" but if the land descend to two parceners, "who make partition in this case, if one only be charged, she shall have contribution; for as one purchaser shall have contribution against another, and against the heir of the conusor also, so one heir shall have contribution against another, for they are "in aequali jure." And in folio 14, a, he says, "For in executions which concern the realty, and charge the lands, the sheriff cannot do execution on the land of one only." And again in folio 14, b, he says, "So it appears by these cases, that when land shall be charged by any lien, the charge ought to be equal, and one alone shall not bear all the burden; and the law, in this point, is founded on great equity. But in all the cases at the common law, if the party who should be charged (as the heir, &c.,) had aliened the land bonâ fide, before any action brought, the land, in the hands of the purchaser, was not subject to any charge or execution, and this was the reason why the judges and sages of the law, in the construction of the said statutes, although the lands of purchasers, after the judgment recognizance or statute were subject to execution, yet gave greater privileges to them than to the conusor himself, or to his heir. And the reason why the conusor himself, at the will of the conusee may be only charged, is because he himself is the person who was the debtor, and who was bound, and therefore he is subject to execution; and it is but reasonable that he may be only charged; the same law for his heir, for the reasons before rehearsed. Note, reader; when it is said before, and often in our books, that if one purchaser be only extended for the whole debt, that he shall have contribution; it is not thereby intended that the others shall give or allow to him any thing by way of contribution; but it ought to be intended that the party who is only extended for the whole, may, by audita querela, or scire facias, as the case requires, defeat the execution, and thereby he shall be restored to all the mean profits, and compel the conusee to sue execution of the whole land; so in this manner every one shall be contributory—hoc est, the land of every terre-tenant

shall be equally extended." So also in the case of Mallory v. Jennings. 2 And. 160, Case No. 88, "it was said by all the judges in bank, that the execution did not bind the vendee, because the writ is not brought against the tenant of the land; and always, if the inheritance or freehold is to be charged by any suit, or by reason of any writ, the tenant of the freehold ought to be the party against whom the writ should be brought; which is not so in this case; for the vendee upon the matter, is tenant of the freehold, and not Sewster," who was the debtor, and who sold and conveyed the land after the recognizance acknowledged. Tidd, Prac. 1021, says, "it being a maxim, that a person not a party to the record, cannot be benefited or charged with the process without a scire facias." So in Penoyer v. Brace, 1 Salk. 319. 320, it is said, "where any new person is either to be better or worse by the execution, there must be a scire facias, (because he is a stranger,) to make him party to the judgment." Id. 1 Ld. Raym. 244. And in Morton v. Croghan, Mr. Justice Spencer, in delivering the opinion of the court. said: "I apprehend the law to be well settled, since the statute of 2 Westm. that where a judgment creditor proceeds to enforce his lien on the realty, and for that purpose it becomes necessary to revive the judgment, he is bound to make every person having a fee in the land, a party to the proceeding; and in this case the judgment against Croghan being a lien on the real estate in the hands of the terre-tenants, the plaintiffs are required by law to make all the terre-tenants parties to the scire facias, to the end that they may be jointly contributory to the satisfaction and payment of the judgment. This has been shown to be the established principle under the statute of 2 Westm., which gave the creditor his remedy by the execution of elegit, under which he held a moiety of the debtor's lands, until he was satisfied his debt and damages. At common law the fieri facias went merely against the goods and chattels of the debtor; such an execution, therefore, related merely to the personalty; but under our statute, which subjects the lands and tenements of the debtor to be sold absolutely, for the satisfaction of the debt, it is ordinarily an execution partly in the personalty and partly in the realty; and in the present instance is entirely in the realty; for the goods and chattels of the terre-tenants cannot be affected by the judgment, or any execution under it. The same principle which required the elegit to issue against all who ought to bear the burden, applies with much more force to the fieri facias against the lands; for in the former case they were not to be sold; but a moiety only held until the debt was paid; whereas in the latter case they are liable to be taken away forever from the debtor. Besides, the principle is most just and equitable. If the creditor, having the lien, can

select a few, as in this case, to bear the whole burden, they may probably be crushed by its weight; but if he must render them all contributory, the individual burden may be borne without ruin." In Webster v. Saunders, 4 Har. & J. 287, and in Ridgely v. Gartrell, it does not appear that the original parties, or any of them, were dead. This shows what the practice has been in Maryland; and in Arnott v. Nicholls, 1 Har. & J. 471, 473, the court said. "The terre-tenant should have an opportunity to relieve himself, and to bring in the other terre-tenants. Hence the necessity of a scire facias, that all the terre-tenants may be warned." But that case, it is contended, was overruled by Mc-Elderry v. Smith, 2 Har. & J. 72. The latter case, however, does not profess to overrule the former, and it only decides that a scire facias to the vendee is not necessary where the alienation is made pending the scire facias against the vendor to revive the judgment. In the case of Jackson v. Shaffer, 11 Johns. 516, Mr. Justice Van Ness, who delivered the opinion of the court, said: "It was not necessary to make the terre-tenants parties. Here the plaintiff, having laid by for more than a year and a day after he had obtained judgment, it became necessary to revive it against the original defendants, which, when revived, was of the same force and effect, and, of course, liable to be proceeded upon, in the same manner as if the time within which an execution might have been legally issued, had not been suffered to elapse. It is in the case of the death of the original defendant, that the terre-tenants are to be made parties; and not where the original defendant is living. Tidd, Prac. 1021, 1023; 2 Saund. 7, note 4." This is the only case in which it has been said that the terre-tenants are not to be cited in the lifetime of the debtor; and the authorities cited (Tidd and Williams' Saunders) do not support the decision. They only say that, in case of the death of the debtor, the terre-tenants may, and must, be cited before the plaintiff can have execution of their lands. But according to the law as laid down in the authorities before cited, namely, Fitzh. Nat. Brev. p. 595, fol. 266, E; 2 Saund. 6, note 1; 2 Inst. 471, 4 Inst. 396; Harbert's Case, 3 Coke, 12, b, and 14, a and b; Mallory v. Jennings, 2 And. 160; Tidd, Prac. 1021; Penoyer v. Brace, 1 Salk. 319, 320; Morton v. Croghan, 20 Johns. 121; Webster v. Saunders, 4 Har. & J. 287; Ridgely v. Gartrell, 3 Har. & McH. 449; Arnott v. Nicholls. 1 Har. & J. 471; 2 Har. Ent. 703; it seems to me that the doctrine so distinctly laid down by Mr. Justice Spencer in Morton v. Croghan, cannot be now controverted. that "where a judgment creditor proceeds to enforce his lien on the realty, and for that purpose it becomes necessary to revive the judgment, he is bound to make every person, having a fee in the land, a party to the proceeding." See. also, Co. Ent. fol. 623a; Dyer, 331, b, pl. 23,

and Id. 332a, pl. 24. I think the complainant was entitled to relief, but whether by bill in equity I doubt.

No relief, however, appears to have been given.