*1838.*

*Bates
v.
Lyons.*

---

## BATES *vs.* LYONS.

A creditor's bill may be filed, upon a judgment at law, after the return of an execution unsatisfied, although the complainant has brought a suit upon such judgment and recovered a new judgment thereof.

THIS was a creditor's bill in the usual form, founded upon a judgment recovered in the superior court of the city of New-York. The defendant pleaded in bar of the suit, that after the return of the execution issued out of that court unsatisfied, the complainant brought a suit against him upon the judgment in the second judicial circuit of the state of Indiana, and recovered a new judgment thereon in the last mentioned court for debt and costs; by means of which re-

*March 6.*

1838.

Bates
v.
Lyons.

covery, the defendant insisted that the original judgment in the superior court of New-York was annulled or rendered inoperative.

*J. Rhoades,* for the complainant.

*K. Miller,* for the defendant.

THE CHANCELLOR. When the case of *Mitchell* v. *Bunce* was before this court, upon an application to discharge a *ne exeat,* (2 *Paige's Rep.* 606,) an opinion was intimated that a subsequent recovery of a new judgment in a foreign court, in an action of debt founded upon the judgment here, would have the effect to merge the original judgment in the last recovery. Upon subsequent examination and reflection, however, I am satisfied that intimation was wrong; and that the recovery of a second judgment, which is in its nature no higher security than the first, does not absolutely extinguish the prior judgment. The supreme court of this state has frequently decided that an execution might be issued upon the original judgment, for the purpose of obtaining satisfaction thereof, notwithstanding the subsequent recovery; although but one satisfaction could be obtained for the debt. (11 *John. Rep.* 513. 1 *Cowen's Rep.* 178. 5 *Wend. Rep.* 129. 9 *id.* 53.) As the courts of law consider the original judgment in full force, until sufficient property has been levied on or money raised to satisfy the same, it must be considered and treated as a subsisting judgment here, for the purpose of giving the judgment creditor relief in this court in aid of his execution at law.

There is no pretence in this case that any part of either judgment has been paid, or that the complainant by reason of his recovery in the state of Indiana has obtained a lien upon property there sufficient to satisfy the original judgment in the superior court of New-York. The plea must therefore be overruled with costs; and the defendant must pay such costs and put in his answer within 30 days.