By the Court,

Bronson, J.
It is difficult to say whether the defendants intended to set up the bond or the judgment, or both of them together, as an extinguishment of the simple contract debt; and it is not important to enquire what was their meaning, for neither the bond nor the judgment, nor both of them together, constitute a good bar to this action. The bond was not between the same parties that are now before the court; and it was not given for this debt alone, but included other demands. It was evidently intended as a collateral security for the debts included in it; and such a security, though of a higher nature, does not extinguish á simple contract debt. The fact that the bond has been carried into judgment, adds no force to the defence. There is no averment that either the bond or the judgment was accepted in satisfaction of this debt, or that they have produced satisfaction. (Day v. Leal, 14 John. R. 404. Drake v. Mitchell, 3 East, 251 .)(a) It is of course unnecessary to enquire whether the plea is double.
The allegation that apart of the debt has been levied of the goods of Anable, amounts to nothing as a plea in bar of the whole action.
Judgment for plaintiff.

 And see Sternberg v. Shaffer, (11 John. Rep. 513.) Shaw v. Burton, (5 Missou. Rep. 478.)