Howard *v.* Sheldon.

---

## HOWARD *vs.* SHELDON and others.

Where a judgment was recovered against three debtors who were jointly liable for the debt, and the judgment creditor, instead of taking out an execution on the judgment, brought a new suit thereon, but only served the process upon one of the debtors, and having obtained judgment in that suit, took out his execution against the joint property of all the defendants and against the separate property of the one who was served with process in the last suit; *Held*, that the creditor had not exhausted his remedy at law, so as to entitle him to file a creditor's bill against the defendant who was served with process in the last suit.

The recovery of a second judgment, in a suit upon a former judgment, will not prevent the judgment creditor from issuing an execution upon the previous judgment to obtain satisfaction of his debt.

Where a person purchases goods and places them in the hands of an insolvent, as his agent, to be sold, and allows him to use a portion of the property for the support of his family, fraud cannot be inferred from such circumstances alone.

THIS case came before the chancellor upon the appeal of the complainant, and upon a cross-appeal by J. Sheldon and L. Benedict, two of the defendants, from a decree of the vice chancellor of the eighth circuit. The complainant recovered a judgment, in the supreme court, in May, 1834, against the defendant J. Sheldon, and against L. Shearer, and M. Bull, for a joint debt; upon which judgment no execution was issued against the property of either of the defendants mentioned therein. In January, 1837, he commenced a suit, in the same court, upon that judgment, against all the judgment debtors, by filing a declaration in the usual form, but the service was only on Sheldon, one of the defendants, who resided in the county of Monroe. The other defendants, who resided in Washington county, had no notice of such second suit, and did not appear therein. And in May term, 1837, judgment was entered in favor of the complainant, against all the defendants, in the usual form in such cases; the judgment record stating that the declaration was not served on Bull and Shearer. An execution was afterwards issued to the county of Monroe, endorsed as directed by the statute in such cases, and was subsequently returned unsatisfied. No execution was issued upon this judgment to the county of Washington, where Bull and Shearer resided; but the complainant alleged in his bill that the defendants had no joint property. The complainant filed his bill in this cause, as a creditor's bill, as against J. Sheldon; but Bull and Shearer were not made parties to the suit. U. B. Sheldon and L. Benedict were made parties, for the purpose of reaching property which the complainant alleged was held by them in trust, or for the use and benefit of J. Sheldon. The defendants did not raise the objection, in their answers, that Bull and Shearer should have been made parties; but they insisted in their answers that the complainant had not exhausted his remedy at law against the judgment debtors. The cause was heard upon pleadings and proofs, before the vice chancellor, and he decided and decreed that the property in controversy, except the household furniture, and horses and carriages, was the property of the defendant Benedict, and was not held in trust for J. Sheldon; and that the complainant's bill be

dismissed as to the defendants Benedict and U. B. Sheldon, with costs. He further decreed, that the furniture, and carriages and horses, were the property of J. Sheldon, and subject to the complainant's claim in this suit; and directed a reference to a master to appoint a receiver of that property, and to inquire and report as to the title to certain bank stock and fourteen acres of land, not mentioned in the pleadings, but which was referred to in the testimony; reserving further directions until the coming in of the master's report.

The complainant appealed from the first part of the decree, which declared the right of the defendant Benedict to the property, except the furniture, horses and carriages, and directed the bill to be dismissed with costs as to Benedict and U. B. Sheldon. And the defendants Benedict and J. Sheldon appealed from all of the decree except so much thereof as directed the bill to be dismissed as to two of the defendants with costs.

*S. Matthews*, for the complainant.

*M. T. Reynolds & F. M. Haight*, for the defendants.

THE CHANCELLOR. I think the vice chancellor arrived at the correct conclusion in relation to the title to the property which by the decree is declared to belong to the defendant Benedict; and that the bill was properly dismissed upon the merits, so far as related to that property. The evidence shows that the goods furnished for the store in Rochester, were intended to be and remain the property of Benedict, and that Sheldon transacted the business merely as his agent. I admit that if this property had originally belonged to J. Sheldon, and had been nominally sold to Benedict by him, and he had thus retained the possession and control thereof, there would have been prima facie evidence of fraud, and that the transaction was intended as a mere cover to keep the property beyond the reach of creditors. No such prima facie evidence of fraud, however, arises where the goods are purchased by a third person, with his own funds, and placed in the hands of a person who is insolvent, as

the agent of such purchaser. For the presumption in such a case is the other way; and the party alleging fraud in the transaction is bound to sustain the charge, by affirmative proof on his part. In relation to the furniture, and horses and carriages, if the vice chancellor was right in supposing that they were the property of J. Sheldon, he should not have dismissed the bill generally and absolutely, as to Benedict, who claimed that part of the property also. For that was inconsistent with the part of the decree which directed the furniture and horses and carriages to be transferred to a receiver, to be applied in satisfaction of the complainant's judgment. For the reasons stated by the vice chancellor in his opinion, I think the furniture and horses and carriages must be considered as property taken by J. Sheldon, for the use of his family, and paid for out of the store, as a part compensation for his services; and that they therefore belonged to him, and not to the defendant Benedict, at the time of filing the bill in this cause.

The objection that Bull and Shearer, who appear to be jointly and equally liable for the payment of the complainant's debt, were not made parties, and that there is no averment in the bill that they are destitute of property, would have been a valid one, if taken at the proper time. But it should have been made either by a demurrer to the bill, or in the answer of these defendants; so that the complainant could have had an opportunity to obviate the objection by an amendment. It was too late, therefore, to turn the complainant around to a new suit upon that technical objection, taken for the first time at the hearing. The answer of the defendants does, however, distinctly raise the objection that the complainant had not exhausted his remedy at law, by execution against the property of Bull and Shearer, in the county where they resided; and that he, therefore, had no right to institute this suit. The answer also alleges, upon the information and belief of the defendants, that Shearer and Bull, or one of them, had property liable to execution, in the county of Washington, where they resided, sufficient to satisfy the original judgment recovered against them jointly with the defendant J. Sheldon, and that it was well known to the com-

plainant; and that no attempt was made to serve the declaration in the action brought against them and J. Sheldon, upon that judgment, on Shearer and Bull, although their residence in the state was known to the complainant. The question is therefore fairly presented by the answer, whether the complainant had exhausted his remedy at law against the judgment debtors, so as to authorize him to file a creditor's bill, in this court, to obtain satisfaction of his judgment out of the property of J. Sheldon, which the complainant had not been able to reach by execution at law.

The excuse for not issuing an execution against Shearer and Bull, to the county in which they resided, is that the bill alleges that they had no property jointly with J. Sheldon, and that they were not served with the declaration by which the second suit was commenced. But the supreme court has frequently decided that the recovery of a second judgment is no bar to the issuing of an execution upon the first, to obtain satisfaction of the debt. (*Andrews* v. *Smith*, 9 *Wend. Rep.* 53. *Jackson* v. *Shaffer*, 11 *John.* 513. *Bates* v. *Lyons*, 7 *Paige*, 85.) The neglect of the complainant to serve the declaration upon Shearer and Bull, in the second suit, so as to enable him to exhaust his remedy against their individual property, by the issuing of an execution in that suit, to the county where they resided, was, therefore, no excuse for not proceeding against their individual property, by an execution upon the original judgment for the same debt. It is true, that the last judgment included a bill of costs which could not have been collected on an execution upon the first judgment. But it no where appears that the amount of such costs exceeded one hundred dollars, so as to have given this court jurisdiction of the case, upon a creditor's bill, if the amount of the original judgment had been collected by executions against all the defendants in that judgment, issued to the proper county. No excuse is stated in the bill for the commencement of the action upon the first judgment, and serving the declaration upon one of the defendants only, instead of issuing an execution or executions to the proper counties; but it probably was to try the experiment of filing a creditor's bill to obtain satisfaction out of the individ-

Howard *v.* Sheldon.

·ual property of one of the judgment debtors only. If the other judgment debtors were mere sureties for J. Sheldon, or if there was any other reason why it would have been inequitable to proceed to obtain satisfaction of the complainant's debt out of the property of Bull and Shearer, instead of coming into this court to reach the individual property of J. Sheldon only, it should have been stated in the bill. And if the facts were contested by the defendants in this suit, the complainant should have established the same by proof. The objection was, therefore, well taken by the defendants, in their answer, that the complainant had not exhausted his remedy at law, for the recovery of his debt, either within the letter or the spirit of the law on the subject of creditors' bills. For this reason, the decree is erroneous, even as to the defendant J. Sheldon, and as to the property which the vice chancellor decreed to belong to him, and to be properly applicable to the satisfaction of the complainant's judgment.

The part of the decree appealed from by the complainant must, therefore, be modified, so as to declare that the general dismissal of the bill as to the defendant Benedict, shall be without prejudice to the rights of the complainant in any future litigation in reference to the furniture, horses and carriages mentioned in the pleadings in this case. And upon the cross-appeal the bill, as to all the other matters in controversy in this suit, must be dismissed without prejudice to either of the parties in any future litigation. The appellants Benedict and Sheldon are also to recover their costs upon the cross-appeal; but neither party is to have costs as against the other upon the complainant's appeal.