## Moor *versus* Towle & *Trustee.*

An *action* upon a judgment may be maintained, although an *alias* execution was *subsequently* issued thereon, on which the debtor was arrested and committed to prison.

In foreign attachment, the supposed trustee is under no obligation to disclose transactions disparaging his title to real estate.

Although in such process he may declare that he has no goods, effects or credits of the principal in his hands, yet if he state *facts* which are inconsistent with the truth of that declaration and outweigh it, he is lawfully chargeable.

This was an action of debt upon a judgment.

The principal defendant pleaded in abatement, that since this action was commenced, an alias execution was taken out on the original judgment, on which execution he was arrested and committed to prison, and there remained.

To this plea there was a general demurrer and joinder. And it was agreed that upon the pleadings *final* judgment might be entered.

The trustee also made a disclosure, upon which he was charged by Tenney, J., presiding.

To that adjudication the trustee excepted.

*J. S. Abbott,* for principal and trustee.

*D. D. Stewart,* for plaintiff.

Rice, J. — The plaintiff, having obtained a judgment against the principal defendant, was authorized to take out an execution thereon at any time within one year from its rendition. R. S., c. 115, § 104. This course he was entitled to pursue, notwithstanding he had, before he took out his execution, caused an action to be commenced upon the same judgment. *Cushing* v. *Arnold,* 9 Met. 23. The commitment of the defendant on the execution did not discharge or annul the judgment on which it issued, nor discharge the action pending thereon.

The questions raised upon the pleadings, do not therefore become material. The trustee in his disclosure, stated very distinctly, that he was not in any way indebted to the prin-

cipal defendant on account of real estate conveyed to him. By our statute a trustee is chargeable only for goods, effects or credits, in his hands or possession; which provisions do not include lands. He is under no obligation to answer interrogatories to the disparagement of his title to his real estate, and is not chargeable simply because he declines to answer such interrogatories.

The unqualified declaration of a trustee, that he has no goods, effects, nor credits of the principal defendant in his hands or possession, will discharge him, unless there are such facts stated by him, or proved by other competent evidence, inconsistent with his declarations, as will be sufficient to overcome them. His declarations are entitled to a degree of weight equivalent to an answer in a bill in equity. *Page* v. *Smith*, 25 Maine, 256.

In this case we think the facts disclosed by the trustee, and inconsistent with his declarations outweigh and overcome those declarations, though often repeated, and that for that reason he was rightfully charged.

The exceptions are therefore overruled, and according to agreement, the principal defendant is to be defaulted.

SHEPLEY, C. J., and APPLETON and CUTTING, J. J., concurred.