BENJAMIN LENTELL *vs.* ALBION K. P. GETCHELL.

*Accommodation indorser—when he may sue maker.*

An accommodation indorser of a negotiable promissory note cannot recover of the maker the amount of the note, on the ground of payment thereof by another note, unless it appear that the second note was given under such circumstances as to constitute it a payment by the plaintiff.

Thus the plaintiff, at the request and for the accommodation of the defendant, became second indorser of a promissory note made payable to the order of, and signed and indorsed by the defendant. At maturity the note was taken up by one of like tenor, signed and indorsed by one Thompson, and further indorsed by the plaintiff and one Sumner. When the second note matured, it was taken up by a note of like tenor, signed and indorsed by Sumner, and further indorsed by the plaintiff who paid it at maturity. While the second note was outstanding, and before its maturity, the plaintiff sued the defendant, claiming to recover for payment of the latter's note, and interest on the money paid; *Held*, that the action could not be maintained, in the absence of proof, that the second note was given as payment by the plaintiff.

ON EXCEPTIONS.

ASSUMPSIT to recover seventy-five dollars, and one dollar interest thereon, to pay defendant's note of seventy-five dollars at the National Bank of Wiscasset.

The facts sufficiently appear in the opinion.

*R. K. Sewall*, for the plaintiff.

*H. Ingalls*, for the defendant.

BARROWS, J.   In August, 1868, the defendant signed and indorsed a note payable to his own order, in four months, at the bank in Wiscasset.   The plaintiff, at the request and for the accommodation of the defendant, became the second indorser, and the note was also indorsed by one Sumner.   When the note fell due in December, it was taken up by a note of similar tenor, signed and indorsed by one Thompson, and further indorsed by the plaintiff and Sumner.   While this note was outstanding, on the 11th of March, 1869, the plaintiff brought this suit against the defendant, claiming for money paid on defendant's note to the bank, and for interest thereon.   Subject to defendant's objection, the plaintiff proved that when the second note, above mentioned, fell due, April, 22, 1869, it was taken up by a note of like tenor with the first, but signed by Sumner as promisor, and indorsed by the plaintiff and one Emerson, and that this last note was paid by the plaintiff and taken up at maturity.

The suit was premature unless the plaintiff had, in fact, paid the defendant's note prior to the commencement of his action.   Payment in cash was not necessary.   If the plaintiff had given his own note to the bank, in December, 1868, and taken up that of the defendant, he might have maintained his suit.   *Barclay* v. *Gooch*, 2 Esp. 571.   Though Lord Kenyon's doctrine, in *Barclay* v. *Gooch*, was questioned a few years later in *Taylor* v. *Higgins*, 3 East, 169, it was afterwards reëxamined and its correctness affirmed by our own court in *McLellan* v. *Crofton*, 6 Greenl. 332, 333.   It was reviewed and fully sustained in Massachusetts in *Cornwall* v. *Gould*, 4 Pick. 444; and in New York, *Witherby* v. *Mann*, 11 Johns. 516. But the plaintiff here does not show a giving of his own note, or of any note upon which he was to be ultimately responsible, in payment of the defendant's note.   For aught that appears, the defendant himself may have procured the substitution of Thompson's

note upon which the plaintiff was only contingently liable, as he had been upon the defendant's note originally. Or Thompson may have volunteered a payment for the defendant. In either case, the plaintiff, at the time of the commencement of this action, had paid nothing. *Prima facie*, Thompson had paid the defendant's note, and the plaintiff remained in his original position as an accommodation indorser upon the new contract. As the case is stated, the plaintiff seems to have studiously avoided showing by whom or under what circumstances the defendant's note was taken up, or when it came into his possession. It does not appear that he was notified as indorser on either of the notes, or that he had sustained any damage by reason of his suretyship for the defendant.

Showing such a negotiation as he did, he should have gone further and shown that the Thompson note was given under such circumstances as to make it a payment by himself to the bank. Such is not the inference to be drawn from the face of the paper.

*Exceptions overruled. Nonsuit confirmed.*

APPLETON, C. J.; CUTTING, KENT, DANFORTH, and TAPLEY, JJ., concurred.