ISABELLA B. CLUTE, APPELLANT, v. ADAM EMMERICH, RESPONDENT.

*Certificate of a sale of real estate by a sheriff—when it is presumptive evidence of the facts recited in it—when a certified copy of its record is admissible—1857, ch. 60—what is sufficient evidence of a due advertisement by the sheriff—what errors in the sheriff's deed may be disregarded—the deed is presumptive evidence that the sheriff has given the notice required by law.*

Where a certificate of the sale of real estate by a sheriff has been duly filed with and recorded by the proper county clerk, as required by ch. 60 of 1857, such record or a certified copy thereof is evidence of the facts therein contained in all courts and places the same as if the original record were produced, even though the original certificate was not acknowledged by the sheriff, and though no copy thereof was filed in the office of the register of the said county, in those counties in which such an office exists.

The plaintiff brought this action to recover a certain piece of land in the city of New York to which he claimed title by virtue of a sale, under an execution issued upon a judgment against the owner thereof, recovered and docketed in Rensselaer county on December 6th, 1864, a transcript of which had been duly filed in the office of the clerk of the city and county of New York, on February 4th, 1865. The plaintiff having proved the execution and delivery to him of a certificate of sale by the sheriff offered in

evidence a deed, executed by the sheriff, containing the usual recitals. **Both** the certificate and deed stated that the sheriff had sold all the interest **the** judgment debtor had in the premises on the 6th day of December, 1864.

The plaintiff then called a witness, who produced a printed notice, subscribed in the name of the sheriff and one of his deputies, of the sale of the premises in the usual form, and testified that he saw it published about a little over six weeks before the sale, in one of the newspapers of the city, though he could not recollect the name of the paper: that he saw a like notice posted in different public places in the city, and that he was present when the sale was made. Upon the defendant's objection and against the plaintiff's exception, both the notice produced by the witness and the deed were excluded by the court.

*Held,* that this was error.

That the error made in selling the interest which the judgment debtor had in the land on the day the judgment was docketed, instead of that which he had on the day the transcript was filed in New York could not possibly have misled or injured the defendant, and should have been disregarded.

That the notice produced by the witness and his testimony were sufficient to have justified the jury in finding that the sheriff had given due notice of the sale as required by law.

*Semble,* that the deed itself was presumptive evidence that the sheriff had performed his duty in giving the notices required by law.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint at the circuit.

*Solomon F. Higgins,* for the appellant.

*A. R. Dyett,* for the respondent.

DAVIS, P. J.:

This was an action of ejectment to recover possession of certain lands situated in the city and county of New York. The plaintiff's title is founded upon a judgment, and the execution and sale thereunder.

On the trial the plaintiff produced a judgment roll, in the case of Peter Low against Thomas Hall and William H. Clark, from which it appeared that a judgment was recovered, in the county of Rensselaer, against the defendants named in the roll, for the sum of $1,777.75 damages and costs, on the 6th of December, 1864, on which day the judgment was duly docketed in the office of the clerk of the county of Rensselaer. The plaintiff also produced a certified copy of a transcript of said judgment, which was docketed

in the office of the clerk of the city and county of New York, on the 4th day of February, 1865. The plaintiff further produced an execution, issued upon said judgment, to the sheriff of the city and county of New York, and received by said sheriff on the 3d of October, 1867, and afterwards returned satisfied by said sheriff, and filed with the return, October 26, 1868. These several documents were received in evidence without objection.

The plaintiff then produced, and offered in evidence, a copy of a certificate made by John Kelly, sheriff of the city and county of New York, of the sale of the premises described in the complaint in this action, to the appellant, certified in due form, by the clerk of the city and county of New York, as having been filed and recorded in his office November 23, 1867.

This certificate contains recitals, showing, in substance, that by virtue of the execution issued on the above mentioned judgment, the sheriff did, in the manner provided by statute, sell at public vendue, unto Isabella B. Clute, for the sum of two thousand one hundred dollars—she being the highest bidder, and that being the highest price bidden for the same—all the right, title and interest of the said defendant, Thomas Hall, of which he was seized or possessed, on the 6th day of December, 1864, or at any time afterward, of, in and to "the property mentioned," &c. It further certified that the purchase-money had been paid to him, and that the said purchaser would be entitled to a conveyance of the premises on the 17th of November, 1869, unless the same was sooner redeemed. This certificate was objected to on the ground that it was neither proved nor acknowledged, as provided by statute, and was not recorded in the office of the register of the city and county of New York, and that it was not recorded anywhere at any time; and various other objections. The court at first received the certificate, overruling the objections, but afterwards excluded the same.

The question whether this certificate was admissible in evidence for any purpose, depends upon the construction to be given to the statutes. By section 42 of the Revised Statutes (vol. ii., p. 370), it is provided that "upon the sale of real estate, by virtue of any execu-

tion, the officer making the same shall make out and subscribe duplicate certificates of every sale, containing,

1. "A particular description of the premises sold.

2. "The price bid for each distinct lot or parcel.

3. "The whole consideration money paid.

4. "The time when such sale will become absolute, and the purchaser will be entitled to a conveyance, pursuant to law."

These several requirements are complied with by the certificate in question. The 43d section provided that one of the said duplicate certificates shall, within ten days after such sale, be filed in the office of the clerk of the county, and the other shall be delivered to the purchaser. The 44th section provided that "such original certificate, upon being proved or acknowledged in the manner required by law to entitle deeds to be recorded, or a copy of such original, duly certified by the clerk in whose office such original is filed, shall be received as presumptive evidence of the facts, therein contained."

This section, it will be observed, simply relates to proceedings by which such certificate, or a copy thereof, is made presumptive evidence of the facts contained therein; and for that purpose it requires the certificate to be proved or acknowledged in the manner required by law to entitle deeds to be recorded. But the acknowledgment is not thereby made a necessary part of a certificate to be filed in the office of the clerk of the city and county of New York, under the previous sections. A certificate would be perfectly valid under the statutes without such proof or acknowledgment; but it would not be evidence of its own contents under section 44, unless proved and acknowledged as therein prescribed.

In 1857, however, an act (ch. 60) was passed, entitled "an act relative to sheriffs' certificates upon sale of real estate," which seems to supersede the provisions of section 44 of the Revised Statutes above referred to.

That act provides that whenever a certificate of sale of real estate by a sheriff shall be filed in the office of the clerk or register of any county, pursuant to section 43 of the Revised Statutes, it shall be the duty of such clerk immediately to record the same in a book to be kept by him for that purpose, and the same shall be properly indexed in the name of the defendant or defendants in

the judgment. It then declares that the record thereof, or a certified copy of such record, shall be evidence of the facts therein contained, in all courts and places, the same as if the original record were produced.

By this act the necessity for proof or acknowledgment is done away with. The official certificate of the sheriff is to be filed, and, upon such filing, recorded. The official act of the sheriff in making the certificate is by the statute made sufficient evidence of its authenticity to require its record without further proof or acknowledgment, and, when so recorded, a copy of it is made evidence of the facts therein contained. This was fully complied with by the appellants in producing the certified copy of the record.

The objection that it should have been filed and recorded in the office of the register, does not seem to us to be well taken. The statute says the certificate shall be filed in the office of the clerk or register, pursuant to section 43. Section 43 provides only for filing in the office of the clerk of any county, and this new act provides for filing in the office of either the clerk or register. A subsequent provision of the act requiring the same to be indexed in the name of the defendant, &c., seems to show an intention on the part of the legislature not to transfer such certificates to an office where the docket of the judgment, the execution and return of the sheriff, and all proceedings thereon, cannot be found, but to permit, at least, the several evidences of the proceedings by the sheriff to be kept together in the same public office. A contrary construction would probably invalidate a large number, if not all, official sales of real estate by sheriffs under execution in the city and county of New York. The letter and spirit of the act of 1857 were fully complied with by the appellants on the production of the certified copy of the record of the certificate. We think it should have been received in evidence, and not rejected.

The plaintiff also offered the deed of the sheriff to the plaintiff, as purchaser at the sale under the execution. The deed contained the usual recitals in such instruments, and amongst other things recited that the said sheriff, on the 16th day of November, 1867, sold the said premises at public vendue, at the vestibule of the City Hall, in the city of New York, in the said county, having first

given public notice of the time and place of such sale, by advertising the same according to law.

The deed was objected to by the defendant "upon the grounds that the plaintiff had not proved that the proper advertisement had been published, and the proper notice posted by the sheriff; and also upon the ground that the sheriff had no power or right, under the execution, to sell the right, title and interest of the judgment debtor, Hall, had in the land described in the deed on the 6th of December, 1864, the day of the entry of the judgment in Rensselaer county; but had the power and right only to sell his right, title and interest which the judgment debtor had on the 4th day of February, 1865, being the day on which the judgment was docketed in the city and county of New York, conformably to the statute and execution." These objections were sustained, and the evidence excluded.

The plaintiff then offered the certificate and the deed, excluding those parts where they state that the sheriff advertised according to law. These were objected to on the same grounds; the court excluded them, and the plaintiff excepted.

The plaintiff then called a witness and produced a printed notice subscribed in the name of the sheriff and one of his deputies of the sale of the premises in the usual form; and proved by the witness that he saw this notice published about a little over six weeks before the sale, in one of the newspapers of the city; that he saw a like notice posted in different public places in the city, that he did not remember in what newspaper he saw the notice, nor that he saw it in more than one; and that he was present at the time the sale was made. The plaintiff then offered in evidence the notice which had been thus proved. It was objected to, on the ground that there was no proof that it was posted in three public places as required by the statute. The objection was sustained, and an exception duly taken. The plaintiff then offered to prove that Hall, the defendant, was in possession of the premises at the time of the sale and at the time the judgment was docketed, which was objected to, the objection sustained and exception taken. The plaintiff then offered to prove damages and the value of the premises in order to recover for use and occupation, which was objected to and excluded, and exception

taken. The plaintiff then rested; and the court, on motion of the
defendant's counsel to dismiss the complaint, on the ground that the
plaintiff had shown no title to or right of possession to the land,
granted the motion, and the plaintiff excepted.

We think the court erred in excluding the sheriff's deed. It
was clearly admissible for the purpose of showing that the deed
had been executed pursuant to a sale made by the sheriff. The
sale had been duly proved by the certificate, if we are correct in
our ruling in respect to that instrument, and it follows as a matter
of course that the plaintiff was at liberty to prove the convey-
ance to him by the sheriff after the expiration of the time to
redeem.

One point of objection was that the plaintiff did not prove the
publication and posting of the notices. According to the very
sensible views expressed by Mr. Justice ALLEN in *Wood* v. *More-
house* (45 N. Y., 368, 375), the deed itself was presumptive evidence
that the sheriff had performed his duty in giving the notices re-
quired by law. "The statute," says ALLEN, J., "imposes the duty
of affixing the notices upon the officer making the sale, and sub-
jects him to a penalty of $1,000 for selling real estate without the
previous notices prescribed by the act (2 R. S., 369, § 37). Neglect
of duty by a public officer will not be presumed, but must be
proved, . . . . and in support of his acts the familiar maxim,
*omnia, praesumuntur rite esse acta*, stands for evidence of the fact
in the absence of any other evidence. When a person is required
to do an act, the not doing of which would make him guilty of a
criminal neglect of duty, it shall be intended that he has duly per-
formed it unless the contrary be shown. (*Stabit praesumptio donec
probetur in contrarium*; Broom's Max., 429; *Jackson* v. *Shaffer*,
11 Johns., 513, per DENIO, J.; *Wood* v. *Chapin*, 3 Kern., 509.)"

But if the presumption that the sheriff had done his duty were
not sufficient in the absence of all proof to the contrary, we are
of opinion that the plaintiff did give evidence enough that such
notices were duly posted and advertised according to law. The
witness produced, and proved a copy of the advertisement. It
was in form an official notice of the sheriff containing all requisite
recitals. He swore that he saw it in a newspaper more than six

weeks before the sale. He also testified that he saw several copies of the notice posted in public places in the city. And although he could not recollect the name of the paper in which he saw the advertisement, and did not distinctly swear that he saw the notice in three public places, yet we think his evidence was quite sufficient to justify the jury in finding that the sheriff complied with the statute.

The other objection, to wit, that the sale purported to have been of all the interest that Hall had in the premises on the 6th of December, 1864, does not seem to us of any importance. The sheriff by mistake has taken the date of the docketing of the judgment in Rensselaer county, instead of the date of its docketing in New York. But the sale was distinctly made of all the interest of the judgment debtor on that day or at *any time thereafter,* and it embraced, of course, all interests affected by the docketing of the judgment in New York. It would be a technical and constrained construction to hold that such a mistake would be fatal to the sale and deed, when it is manifest that all the interest possibly sold or conveyed by it would be that possessed by Hall on the date of the docketing in New York or at any time subsequently. Nobody could be misled or injured by such a mistake, and it is the duty of the court to disregard it.

We think the court erred, in the rulings above commented on, and that the judgment must therefore be reversed and a new trial ordered with costs to abide event.

BARRETT, J., concurred.

BRADY, J., concurred in result.

Judgment reversed ; new trial ordered, costs to abide event.