Elizabethtown Savings Institution *v.* Gerber.

THE ELIZABETHTOWN SAVINGS INSTITUTION

*v.*

JAMES J. GERBER, as assignee of Simeon J. Ahern.

1. Judgments of courts of record in one state are entitled to recognition by the courts of sister states as evidence of a debt, but they have no extra-territorial force as judgments.

2. No court can enforce its process or orders beyond the limits of the state which ordained and established it.

On final hearing on bill, answer and proofs taken before a master.

*Mr. Hamilton Wallis,* for complainants.

*Mr. William P. Wilson,* for defendant.

NOTE.—The plaintiff in a judgment recovered in one state is only regarded as a creditor at large in another, *Carter* v. *Bennett, 6 Fla. 214;* and the rule applies in the administration of a decedent's assets, *Davis* v. *Smith, 5 Ga. 274; Brengle* v. *McClellan, 7 Gill & Johns. 434; Cameron* v. *Wurtz, 4 McCord 278; Harness* v. *Green, 20 Mo. 316; McElmoyle* v. *Cohen, 13 Pet. 312; 2 Wms. on Exrs. *999.*

Execution can issue only out of the court which renders the judgment or decree; thus it cannot issue out of the common pleas on a decree or order of a court of equity, *Stanford's case, 4 Scott 23; Gibbs* v. *Pike, 9 M. & W. 351;* nor out of the supreme court on an inferior court's judgment, *Clarke* v. *Miller, 18 Barb. 269;* nor run beyond the county where the court is organized, *People* v. *Van Epps, 4 Wend. 387.*

Van Fleet, V. C.

The object of the bill in this case is to enforce what the complainants call an equitable lien. The fund in dispute is in court.

The following are the material facts: In 1876, the Esterbrook Steel Pen Manufacturing Company brought a suit against Simeon J. Ahern in this court, for an account, which resulted in a decree in favor of Ahern for a sum slightly in excess of $500. The sum so found due was, by the order of the court, paid to the clerk June 25th, 1878. Prior to this date, and on the 16th of April, 1878, Ahern was adjudged a bankrupt, and shortly afterwards the defendant, Gerber, was appointed his assignee. The complainants recovered a judgment against Ahern in the supreme court of the state of New York on the 29th of October, 1877, for over $2,000, and on the 2d of March, 1878, they procured one of the justices of that court to make an order requiring the pen company to pay to them any debt which might be due from them to Ahern, up to the amount of their judgment, and also forbidding them from paying the same to Ahern, or to any one for him. At the time this order was made, as well as before, both Ahern and the pen company were citizens of this state. The pen company, however, had an office in the city of New York, where they conducted a part of their business.

The order just referred to, made by one of the justices of the supreme court of the state of New York, the complainants contend, created a lien in their favor upon the moneys in court, which they have a right to ask this court to enforce. This lien constitutes their sole right to relief. If they have no lien they have no case.

---

*Query*, whether an execution issuing out of one court on a judgment rendered in another, is amendable, *Simon* v. *Gurney*, 5 *Taunt*. 605; *Field* v. *Paulding*, 1 *Hilt*. 187.

Execution cannot issue on a judgment recovered in a court which has been abolished, *Harris* v. *Cornell*, 80 *Ill*. 54; *Lee* v. *Newkirk*, 18 *Ill*. 550; see *Matthews* v. *Gilreath*, 11 *Ired*. 244; *Davis* v. *Bryan*, 7 *Yerg*. 88.

It may issue, notwithstanding the destruction of the judgment by casualty, *Strain* v. *Murphy*, 49 *Mo*. 337; *Chicago Dock Co.* v. *Kinzie*, 93 *Ill*. 415; *Faust* v. *Echols*, 4 *Coldw*. 397.

Inferior courts may be empowered by legislation to send executions beyond their territorial limits, *Hickman* v. *O'Neal*, 10 *Cal*. 292; *Lyon* v. *Fish*,

The complainants are not judgment creditors. A judgment of a court of record of a sister state is entitled to such faith and credit here, as evidence of a debt, as it would have in the state where it was recovered, but it can have no force or effect here for the purpose of being enforced as a judicial sentence. The judgments of the courts of record of one state are entitled to recognition by the courts of sister states, but they have no extra-territorial force whatever as judgments. Properly authenticated, they afford conclusive evidence of a debt in external jurisdictions, in virtue of the constitutional provision entitling the public acts, records and judicial proceedings of each state to full faith and credit in every other state, but they possess no other virtue or efficacy. The order under consideration, construed in its most liberal sense, simply imposes a personal duty—the pen company is directed to pay, and Ahern is forbidden to receive—but no attempt is made to bind or charge the debt due from the pen company to Ahern.

But the fact which, I think, is utterly destructive of the complainants' theory, is this : The pen company was a corporation created by the laws of this state ; its domicile was here, and this, in law, was the *situs* of its personal property, and, being here, such property could not be made subject to the process or orders of the courts of any external jurisdiction. Such courts can exercise no jurisdiction whatever over property located in this state. At this time Ahern was also a citizen of this state. Now, it would be absurd to say that, if an execution had been issued

*20 Ohio 100 ; People* v. *Barr, 22 Ill. 241 ; Seaton* v. *Hamilton, 10 Iowa 394 ; People* v. *Lott, 21 Barb. 180 ; Lillard* v. *Shannon, 60 Mo. 522 ;* as where one county is annexed to another after a recovery of judgment in the former, *Beebe* v. *Fridley, 16 Minn. 518.*

Execution may issue, notwithstanding a suit is pending on the judgment, *Cushing* v. *Arnold, 9 Metc. 23 ; Moor* v. *Towle, 38 Me. 133 ; Simpson* v. *Cochran, 23 Iowa 81 ;* or on a judgment after the recovery of another judgment thereon, *Howard* v. *Sheldon, 11 Paige 558.*

A creditor's bill may be filed on a judgment at law, after execution, notwithstanding the recovery of another judgment on the judgment, *Bates* v. *Lyons, 7 Paige 85.*

A foreign judgment, if enforced here, is payable in the currency of this country, *Swanson* v. *Cooke, 45 Barb. 574 ;* see *Stringer* v. *Coombs, 62 Me. 160* —Rep.

Elizabethtown Savings Institution *v.* Gerber.

on this judgment, and a levy made by virtue of it, either by a New Jersey or a New York officer, upon Ahern's property in this state, that any lien would thereby have been created, or that such proceeding would, in the slightest degree, have affected his assignee's title to the property. Such process would have possessed no more force, as a legal instrument, in this state, than so much blank paper. Is it possible, according to legal principles, to give greater virtue or efficacy to this order? It is simply a substitute for process of execution. It takes the place of an execution, because the thing sought to be reached is not seizable by execution; but it emanates from the same source that an execution would, and can, in the nature of things, have no effect, as a legal process, beyond the limits of the state which created the court that made it. No court can enforce its process or orders beyond the limits of the state which ordained and established it. Even the judgments and decrees of the courts of one nation or state are entitled to no credit or respect in the courts of other nations or states, except in virtue of treaty obligations or constitutional provisions. The maxim in regard to process issued to enforce judgments in external jurisdictions is, *extra territorium jus dicenti impune non paretur.* The order upon which the complainants' case stands, in my judgment, created no lien in their favor.

But, if it had been possible to effect such a result by an order of this character, it is clear, I think, that the bill in this case does not state sufficient facts to entitle the complainants to the relief they ask. The mandate upon which their bill is founded, as the bill avers, is an order made by the supreme court of the state of New York in a case in which the present complainants were plaintiffs and Simeon J. Ahern was defendant, requiring the secretary and managing agent of the Esterbrook Steel Pen Manufacturing Company, as such officer, to pay to the complainants any debt which might be due from the pen company to Ahern, up to the amount of the complainants' judgment. It is needless to observe that an order, in that form, simply imposed a duty on the officer, and not on the corporation, and that it was impotent to transfer, or even to touch, any debt or obligation of the corporation to Ahern.

The complainant's bill must be dismissed, with costs.