## Brackett Weeks *versus* Daniel Pearson.

A plaintiff recovered a judgment in this state. He then brought an action of debt upon that judgment in the state of New-York, and had judgment there. After this he brought an action of debt upon the first judgment here, to which the defendant pleaded in bar the judgment rendered in New-York —it was held that the plea was no answer to the action.

Debt upon a judgment rendered in the court of common pleas in this county, January term, 1815.

The defendant pleaded in bar, that at a certain justice court held by Thomas Palmer, Justice of the peace, in and for the county of Saratoga, and State of New-York, at his, the said justice's office, in the village of Ballston Spa, in said county of Saratoga, on the 4th September, 1819, the said Brackett Weeks impleaded the said Daniel Pearson, and declared against him the said Daniel on the very same identical judgment in the plaintiff's declaration mentioned, for a cause of action arising within

the jurisdiction of the said justice, and thereupon such proceedings were had, that afterwards, on the same day, it was considered by the said justice that the said Weeks should recover against the defendant for $6,11 damages, and $1,90 costs of suit, as by the record, &c., which judgment remains in full force.

To this plea there was a general demurrer and joinder in demurrer.

*Houghton*, for the plaintiff.

*Dearborn*, for the defendant.

*By the court.* The pendency of a suit for the same cause in another state is no plea either in bar or abatement to a suit here. 9 Johns. 221, *Bowne* v. *Joy* ; 7 D. & E. 407, *Maule* v. *Murray.*

But it seems that a judgment in an action for the same cause in another state, is in general, a bar to an action here. 9 Johns. 221 ; 1 Johns. Cases, 345 ; 2 Conn. R. N. S. 85 ; 4 Cowen, 521—522 ; 16 Mass. Rep. 71, *Talmage* v. *Chapel* ; 1 Peters' S. C. Rep. 693.

The reason why a former recovery for the same cause is a bar to a second action is, that the cause of action has passed *in rem judicatum*, and is determined by the judgment. But this reason does not exist where there has been a recovery in another state in debt upon a judgment rendered here. For one judgment being of as high a nature as another, a judgment in another state, cannot extinguish or determine a judgment rendered here ; and we see no ground on which it can be held that the recovery in New-York upon this judgment is a bar to this action.

This question has long been settled. In *Preston* v. *Perton*, Cro. Eliz. 817, Preston recovered judgment in the court of king's bench against Perton ; and afterwards brought debt upon the judgment in the common pleas, and had judgment there. He then brought *scire facias* in the king's bench to have execution upon the first judgment. The defendant pleaded in bar the recovery in the

common pleas, to which there was a demurrer ; and all the court held it to be no plea, because one judgment cannot determine another judgment, which is of equal nature.

*Judgment for the plaintiff.*