## YELVERTON *v.* CONANT & Tr.

The pendency of an action brought by the plaintiffs against the defendant in a court of another State, for the same cause, is not sufficient to abate the writ.

A plea in abatement is bad, if it do not pray judgment of the writ.

ASSUMPSIT.   The defendant pleaded as follows:

And the said Jeptha Conant comes and defends, &c.; when, &c., and says he ought not to be compelled to answer to the said writ and declaration of the said Henry and Robert, because he says that the said Henry and Robert heretofore, to wit, in the court of common pleas for the county of Middlesex and commonwealth of Massachusetts, in the year of our Lord one thousand eight hundred and forty-five, holden at Concord, within and for said county of Middlesex, on the second Monday of June, in the year last aforesaid, impleaded the said Jeptha Conant, in a plea of the case for the same cause of action, in the declaration aforesaid mentioned, as by the record thereof remaining in said court fully appears.  And the defendant further avers, that prior to the entry of the writ and declaration last aforesaid therein contained, and the filing of the same in said court, his property was attached upon, and by virtue of said writ, and that service of said writ was duly made upon him, and that the court last aforesaid had jurisdiction of the said action and the cause thereof, as well as of the parties to said action.   And the said Jeptha Conant further avers, that the parties to the plea last aforesaid, and the said Henry Yelverton and Robert Yelverton, the now plaintiffs, and the said Jeptha Conant, the now principal defendant, are the same persons, and not other or different persons, and that the plea last aforesaid brought by the said Henry and Robert against the said Jeptha, in said court of common pleas

for the county of Middlesex, is still pending in said court. And this the said Jeptha is ready to verify. Wherefore he prays judgment if he ought to be compelled to answer to the writ and declaration first aforesaid, and that the same may be abated.

To this plea there was a general demurrer, in which the defendant joined.

*Parker & Stevens,* for the defendants.

*Abbott, Farley & Fletcher,* for the plaintiff.

GILCHRIST, J. The defendant has pleaded in abatement in this action, that prior to its commencement the plaintiffs had impleaded him in a like form, and for the same cause of action, in the court of common pleas for the county of Middlesex and commonwealth of Massachusetts, a court then having jurisdiction of the cause and of the parties; that the property of the defendant was attached upon the process; that the action was duly entered, and was pending in that court at the time of the filing of his plea. The plaintiff has demurred to the plea.

It was decided in *Sparry's Case,* 5 Co. 61, that several actions could not be maintained by the same plaintiff against the same defendant at one time, but that the pendency of the former might be pleaded in abatement of the one last commenced. The principal reason assigned was the obvious one, that "*nemo debet bis vexari si constet curiae quod sit pro unâ et eadem causâ.*" Yet it was said in the same case, upon the authority of the year books, that if one bring an action by bill in London, or Norwich, or any other inferior court, and afterwards brings his action of debt in the common pleas, the latter shall not abate, because it is in the higher court.

In *Maule* v. *Murray,* 7 T. R. 470, the pendency of a suit in a foreign court was held to be no cause for abating one brought in the English courts for the same cause.

Upon the authority of *Maule* v. *Murray*, it was decided in New-York, in the case of *Bowne* v. *Joy*, 9 Johns. Rep. 221, that an action brought by the plaintiff against the defendant in a court in Massachusetts for the same cause of action, was no cause for abating the writ.

To the same effect was *Walsh* v. *Durkin*, 12 Johns. 99, where the action pleaded in abatement was pending in a court of the United States in Virginia.

In Massachusetts, it was said in *Colt* v. *Partridge*, 7 Met. Rep. 570, that the precise question had not been decided there.

In this State, it was decided in *Weeks* v. *Pearson*, 5 N. H. Rep. 324, that a judgment recovered in New-York, upon a judgment here, could not be interposed to abate an action upon the original judgment.

In *Goodall* v. *Marshall*, 11 N. H. Rep. 99, it was said that the mere pendency of a suit in another State would have been no bar to an action brought in this upon the same cause of action.

The judgment of one of the States of the Union, and the proceedings of its courts, are to be regarded in the courts of another State as foreign, except so far as the 1st section of the 4th article of the Constitution of the United States, and the acts of Congress made in pursuance of it, have affected the subject. These do no more than provide a mode in which the records shall be authenticated, and settle the effect of a judgment or decree, when so authenticated.

There is therefore nothing to distinguish cases in which actions are simultaneously pending in the courts of different States in this Union, from cases in which the different States are wholly foreign to one another, as in *Maule* v. *Murray*. There is, moreover, a very important reason why the pendency of an action in one State should not be a bar to maintaining one for the same cause in another. It is the same that was adverted to in argument in *Maule*

v. *Murray*, and may be perceived by considering the circumstances of *Goodall* v. *Marshall*, and of the present case. It often becomes important for the creditor, for the purposes of security, to commence proceedings in different jurisdictions. A satisfaction of a judgment in one action might be shown in the other, so as to secure proper measures for the prevention of injustice. *Bowne* v. *Joy*, 9 Johns. Rep. 221.

We have, therefore, no doubt upon the general proposition, that the pendency of an action for the same cause in another State, is no cause for abating an action in our courts.

The plea is, for that cause, insufficient. It is also bad in point of form, since it does not pray judgment of the writ. *Clark* v. *Brown*, 6 N. H. Rep. 434.

*Judgment for the plaintiff on the demurrer.*