CITY OF CARONDELET, Respondent, v. DESNOYER'S ADMINIS-
TRATOR, Appellant.

1. Where a judgment is rendered against a person in his lifetime it need not be allowed as a demand against his estate; a transcript of the judgment may be filed in the probate court and the court should determine its class.
2. A covenant not to sue one of several persons jointly liable will not discharge the others.

*Appeal from St. Louis Circuit Court.*

The city of Carondelet recovered two judgments in the St. Louis circuit court—one for $366.66 against John F. Barada as principal, and Alexander Desnoyer and Etienne Hebert as sureties, on an official bond executed by them—the other judgment being for $1263.64, against said Barada as principal, and Alexander Desnoyer and Antoine Chouquette as securities, on another official bond.   On the 30th of January, 1856, the council of the city of Carondelet passed an ordinance authorizing the mayor of the city " to accept from Antoine Chouquette, one of the sureties of John F. Barada, one-half of the amount of the judgment recovered against Barada and his sureties; and on payment of said sum the mayor shall make and deliver to Chouquette a proper deed of assurance, agreeing on the part of the city not to institute or prosecute any further suit or proceeding against Chouquette

on his bond of suretiship for said Barada, or the judgment already recovered; the said agreement to be without prejudice of the right of the city to prosecute and collect of said Barada and his other surety the remainder of what may be due on said bond and judgment."

Chouquette paid one-half of the judgment in question, and the mayor of the city of Carondelet executed in his favor a deed of covenant, under the seal of the corporation, substantially following the language of the above ordinance. At the December term of the St. Louis probate court the city of Carondelet presented a demand against the estate of Alexander Desnoyer, based upon the two judgments above mentioned, claiming the whole of the first judgment and one-half of the second judgment. The probate court allowed plaintiff's demand on the first judgment, and refused to allow the same upon the second judgment. Plaintiff appealed to the circuit court. Before the hearing of the cause the defendant moved the court to dismiss the cause on the ground of a misjoinder of two distinct causes of action. The motion was overruled.

Defendant asked the court to declare the law to be, that by operation of said ordinance and deed of covenant the said Alex. Desnoyer and his estate were released from all liabilities on account of the judgment and bond in said ordinance and deed of covenant mentioned. The court refused so to declare the law, but, on motion of plaintiff, declared the law to be, that said ordinance and deed of covenant did not operate as a release of Alexander Desnoyer; whereupon the court found for the plaintiff in the sum of $1084.49.

*Taussig*, for appellant.

I. The plaintiff improperly joined two different and distinct causes of action in one suit.

II. A covenant never to sue operates as a release of the covenantee. (2 Pars. on Contr. 219; Reed v. Shaw, 1 Blackf. 245; Cuyler v. Cuyler, 2 Johns. 186; 2 Wm. Saund. 47, notes.) The ordinance and deed of covenant are stronger

than a mere covenant not to sue. The city had already obtained judgment. (See 1 Pars. on Contr. 23 ; 2 Roll. Abr. 412, G. ; 2 Salk. 574 ; Milliken v. Brown, 1 Rawle, 391.) The release of Chouquette operated as a release of Desnoyer.

*Casselberry*, for respondent, cited 7 Johns. 207 ; 4 Greenl. 421 ; 2 Dana, 107 ; 19 Wend. 129 ; 2 Johns. 448 ; 6 Taunt. 289 ; 1 Marsh. 603.

Scott, Judge, delivered the opinion of the court.

The proceeding in this case is irregular. The city of Carondelet recovered two judgments against Alexander Desnoyer as security for John F. Barada on two of his official bonds. The securities in one bond were Alexander Desnoyer and Etienne Hebert, and in the other Alexander Desnoyer and Antoine Chouquette. The city blended these two judgments in one and presented them as a claim against the estate of Desnoyer as an original demand which had never been allowed, and a judgment was given against it for the demand in its new shape.

These being judgments rendered against Desnoyer in his lifetime, there was no necessity for having them allowed again. All that was required on the part of the city was to file in the probate court transcripts of the judgments obtained in the circuit court in order to have them classed and paid as other demands allowed against the estate. (R. C. 1855, secs. 26 and 27, p. 156.) By treating these judgments as the foundation of an original claim, they lose their class, for, being made the foundation of a new judgment, they could no longer be regarded as judgments rendered against the deceased in his lifetime, but must be looked upon as any other claim that has not been allowed, and a new judgment is entered upon it which will be placed in a lower class than that occupied by judgments rendered against the deceased in his lifetime. By jumbling separate judgments in this way the interests of separate sets of securities are confounded, and it will become a matter of difficulty to settle and adjust their rights.

The agreement between the city and Chouquette did not affect Desnoyer. It will be time for him to complain when Carondelet does any thing affecting his rights injuriously as a surety. The agreement with Chouquette did not release or discharge the judgment. So far as Desnoyer was concerned it only operated as the endorsement of satisfaction to the amount paid by Chouquette. (Bryan v. Mundy's Adm'r, 14 Mo. 462.)

The other judges concurring, the judgment will be reversed.