THOMAS S. ANDERSON, Plaintiff in Error, v. WILLIAM E. MOBERLY, Defendant in Error.

1. *Practice, civil — Appeal will lie only on final judgment.*—In a suit on a note, the answer alleged certain facts as a defense to so much of plaintiff's claim as called for interest. Plaintiff demurred to this defense, and the demurrer was overruled; and no reply being filed to the new matter set up in defense, judgment was entered on it as confessed. From this final judgment no appeal was taken; but after the cause had been heard on its general merits, and final judgment had been rendered, the case was appealed on the judgment on demurrer. *Held*, that such an appeal would not lie. When a demurrer goes to the entire cause of action or ground of defense, and the party chooses to stand upon it notwithstanding an adverse ruling, he may do

so, and allow final judgment to go against him upon the whole case, taking his appeal from such final judgment. He cannot, however, divide the case into parts and carry it up in fragments, and especially when the final judgment is allowed to stand unaffected by the appeal.

2. *Appeal.*—An appeal on writ of error, to be effective, must operate upon a final judgment, and not upon one interlocutory in its character.

### Error to St. Louis Circuit Court.

*Jones & Anderson*, for plaintiff in error.

I. No final judgment is necessary. (8 Mo. 619; State v. Gregory, 38 Mo. 501; State v. Hawkins, 39 Mo. 432; Kelsy v. Western, 2 N. Y. 501, and authorities there cited.)

II. There were in the court below two distinct judgments—one for the defendants upon the issue of law raised by the demurrer, that the plaintiff recover no interest, and the other upon the issue of facts, which was for the plaintiff, that he recover the principal of his bond. The appellate court will review those against him, upon his appeal, without noticing those against him to which no error is assigned. (Dunn v. Price, 11 Leigh, 203; Everard v. Patterson, 6 Taunt. 645; Campbell v. French, 6 T. R. 200.) Judgment upon any one of these defenses can be reviewed just as judgment upon one court in a declaration. (Beecher v. Conradt, 11 How. Pr. 181; Stevenson v. McNutt, 27 How. 335; Griffin v. Cranston, 5 Bosw. 658, 665; D'Ivernois v. Leavitt, 8 Abb. 59–63.)

*Ewing & Holliday*, for defendant in error.

Plaintiff did not appeal from the final judgment.

CURRIER, Judge, delivered the opinion of the court.

A final judgment, as defined in the statute, is that which determines finally the rights of the parties to the action, and is the only judgment from which an appeal lies. (Wagn. Stat. 1051, § 1; *id.* 1059, § 9.) The same rule applies to writs of error. (*Id.* 1064, § 1.) The appeal or writ of error, to be effective, must operate upon the final judgment itself, and warrant its reversal if ground of reversal be found in the record. But the

appeal in this cause was not taken to reverse the final judgment, but to reverse a prior judgment, interlocutory in its character, upon the plaintiff's demurrer to one of the defenses set up in the defendant's answer to a portion of plaintiff's cause of action. It is the latter judgment that the plaintiff complains of and seeks to reverse. The final judgment was in his favor, and was not appealed from by either party, and seems, therefore, to have been acquiesced in by both. The answer alleges certain facts as a defense to so much of the plaintiff's claim as calls for interest on the note set out in the petition. The plaintiff's demurrer to this particular ground of defense was overruled, and the new matter alleged in defense, in the absence of any reply thereto, was taken as confessed, the court entering a judgment to that effect. From this judgment the plaintiff took his appeal to the St. Louis Circuit Court, sitting in general term. The appeal, however, was not taken until the cause had been heard upon its general merits, and a final judgment was rendered therein for the plaintiff. The appeal, however, is strictly limited to the "judgment herein on demurrer." It is conceded by the plaintiff's counsel that no appeal would lie from this judgment until a final judgment had been rendered in the cause. But if the judgment on the demurrer was such a final judgment that an appeal would lie from it at any stage of the proceedings, why wait for any other final judgment? How many final judgments may be had in the same cause and between the same contending parties?

When a demurrer goes to the entire cause of action or ground of defense, and the party chooses to stand upon it notwithstanding an adverse ruling, he may do so, and allow final judgment to go against him upon the whole case, taking his appeal from such final judgment. He can not, however, divide the case into parts and carry it up in fragments, and especially when the final judgment is allowed to stand unaffected by the appeal. If the demurrer goes to only a part of the defense, as in this case, the party may save his point by appropriate instruction. An abandonment of the demurrer does not necessarily involve an abandonment of the legal propositions embraced therein. If the plaintiff here had presented his proposition of law in the form of an instruc-

tion, and the court had refused it, he might, by appropriate sub-
sequent proceedings, have had the action of the lower court, in
that particular, reviewed in the appellate court, taking his appeal
from the final judgment.   Since, however, he took no appeal
from the final judgment, but appealed alone from the "judgment
herein on demurrer," the appellate court was right in treating the
appeal as ineffectual.   A dismissal of the appeal would have been
the appropriate action for the appellate court to have taken.   But
its   judgment of  affirmance   accomplishes   substantially the
same results, and will therefore be sustained.   The other judges
concur.