————o————

JOSEPH K. GIBSON, Respondent, *vs.* THOMAS H. VAUGHAN, ADMINISTRATOR, ETC., Appellant.

1. *Administration—Allowance of circuit court, judgment in probate—Filing of petition, setting forth loss of—Transcript—Filing notice to administrator, when necessary.*—Where judgment was rendered in the circuit court, but the records were destroyed, and on decease of defendant, instead of a transcript of the judgment, a petition alleging its rendition and the loss of the record was filed in the Probate Court, praying an allowance and classification of the claim, the judgment was held to stand on the footing of an ordinary demand, and for that reason improperly allowed without notice to the administrator of its presentation. And, in default of such notice or waiver thereof, funds arising from the sale of decedent's estate, cannot be subjected to the lien of the judgment.

Where the transcript of a judgment is presented for classification, it bears within itself the evidences of its own verity, and perhaps may be allowed without notice; but where the record is not supplied in the statutory manner, the rendition of the judgment and—in the case supposed—its loss, are matters resting in parol and open to dispute, and the administrator must be notified.

As to jurisdiction, the governing rule in cases of this sort is, that although it will be, in the absence of aught in the record to the contrary, presumed as to courts of general jurisdiction, yet this presumption does not prevail in respect to those whose jurisdiction is special and limited.

*Appeal from Christian County Circuit Court.*

*J. R. Vaughan, with Grover & Ellis,* for Appellant.

I. In presenting a judgment for allowance against an estate, the same notice to the administrator is required as in the presentation of other demands, and if it be not given or waived, the allowance is illegal and void. (Bryan vs. Mundy, 14 Mo.. 459 ; see also, Brooks vs. Duckworth, 59 Mo., 50.)

II. Where the original judgment has been destroyed, a copy supplied by the court in which it was rendered, should be filed in the probate court, showing the loss or destruction, and it should be treated as an ordinary claim. (Wagn. Stat., 102, § 8 ; Carondelet vs. Desnoyer, 27 Mo., 36.)

*Bray & Cravens*, for Respondent.

I. Notice of the presentation of a judgment for classification is not necessary. (Wagn. Stat., 105, § 27; Carondelet vs. Desnoyer, 27 Mo., 36; Peters, Adm'r, vs. Holliday, Adm'r, 40 Mo., 544.)

II. The estate being insolvent, the respondent will lose his demand, unless the lien against the land and the proceeds arising from the sale thereof is enforced.

SHERWOOD, Judge, delivered the opinion of the court.

Gibson recovered judgment against Lawing in the Christian circuit court. After the rendition of the judgment, Lawing died and the circuit court records were destroyed by fire. On the records of the Christian probate court, there is an entry in a cause entitled as above, as follows: "Now at this day comes the plaintiff in this cause and files his petition, verified by affidavit, stating that in the lifetime of the defendant he obtained a judgment for the sum of one hundred and eighty-dollars and fifty-five cents, and that the same nor any part thereof has not been paid ; and the court orders that the same be filed and classed in the fourth class of debts." This entry is of the February term, 1866.

Under an order of the court the land of the deceased was sold for the payment of debts, not including that of the plaintiff. While the money arising from such sale was in the hands of the administrator, the plaintiff moved the court that the administrator pay over to him an amount sufficient to satisfy the judgment obtained, alleging that it had been allowed in the 4th class and was a lien on the land which had been sold by the administrator, and that the estate was insolvent. This motion prevailed and the administrator appealed to the circuit court, where the judgment again went in favor of the plaintiff. The chief ground of the resistance offered by the administrator to the motion was that he had never been notified of the presentation of the claim, nor did the record of the probate court show notice given to or waived by him. It was conceded at the trial that there was a judgment rendered

in the circuit court in the lifetime of the deceased, in favor of plaintiff for the amount specified in the record of the probate court ; that the judgment thus rendered was a lien on the real estate of the deceased at the time of his death, and that the records of the Christian circuit court, including that of the judgment mentioned, were destroyed by fire, prior to the entry in question being made in the probate records. And it was also conceded that there was no evidence of notice to the administrator or his waiver thereof to be found in such records or the files of that court, and that the estate of the decedent was insolvent.

The only point therefore which this case presents, is a jurisdictional one. The governing rule in cases of this sort is, that though jurisdiction will be, in the absence of aught in the record to the contrary, presumed as to courts of general jurisdiction, yet this presumption does not prevail in respect to those whose jurisdiction is special and limited.

In the latter class of cases the failure of some portion of the record or proceedings to show jurisdiction is necessarily fatal, as has been decided in numerous instances in this court. (State vs. Metzger, 26 Mo., 65 ; Bersch vs. Schneider, 27 Mo., 101 ; Hausburger vs. Pacific R. R., 43 Mo., 196 ; Iba vs. H. & St. Jo. R. R. Co., 45 Mo., 469 ; Cunningham vs. P. R. R., *ante*, p. 33.)

If a transcript of the judgment rendered in the circuit court had been filed in the probate court for classification, perhaps no notice to the administrator would have been requisite, as the alleged indebtedness having been adjudicated upon in the lifetime of the decedent, it had ceased to occupy the attitude of a " demand." This distinction between the classification of a judgment and the allowance and classification of a " demand " would seem to be clearly marked out by the statute. (Wagn. Stat., 103, §§ 26, 27 ; Carondelet vs. Desnoyer, 27 Mo., 36.)

But as it is conceded that no transcript was filed, the case must occupy the same footing as an ordinary demand, and be in subjection to the rule requiring notice.

When the transcript of a judgment is presented for classification, it bears within itself the evidences of its own verity; not so in case the record of a judgment is destroyed; the claimant then comes before the court of probate jurisdiction, alleging the existence of two things: first, that a matter once in litigation has resulted in his favor; and second, the destruction of the record evidencing that fact.

If the record has not been supplied as pointed out by statute, both these allegations must rest in parol, and be open to dispute and disproval. In order that they may be disputed or disproved, the administrator must have notice.

Whether the plaintiff may still have his judgment classified and then proceed to enforce his lien against the land, bound thereby at the date of the decedent's death, we are not now called upon to determine.

Judgment reversed, and the cause remanded. All the other judges concur.