L. A. Wolford, Appellant, v. John S. Scarbrough et al., Respondents.*

Kansas City Court of Appeals.   November 11, 1929.

138

*Corpus Juris-Cyc. References: Abatement and Revival, 1CJ, section 218, p. 139, n. 14; Appeal and Error, 3CJ, section 312, p. 484, n. 15; Courts, 15CJ, section 344, p. 950, n. 54; Executions, 23CJ, section 147, p. 382, n. 41; Executors and Administrators, 24CJ, section 954, p. 332, n. 59; section 1191, p. 435, n. 11; Judgments, 34CJ, section 1017, p. 662, n. 91; section 1021, p. 664, n. 34; section 1077, p. 697, n. 95, 97; Parties, 47CJ, section 435, p. 226, n. 4.

*G. A. Stultz* and *George P. Adams* for appellant.

*E. G. Robison* and *J. J. Robison* for respondent.

BARNETT, C.—This is a proceeding to revive a judgment by *scire facias*. Plaintiff made application for the writ to the Circuit Court of Gentry County and alleged that on the 17th day of September, 1921, he recovered a judgment in that court against M. M. Scarbrough and Emma Scarbrough for $202.33 and costs; that on the 13th day of September, 1924, the judgment was unpaid and a writ of *scire facias* was issued out of that court, and thereafter on the 15th day of December, 1924, the judgment was revived. It was

alleged that the said Emma Scarbrough died on the 2nd day of November, 1926, seized of certain described real estate in Gentry County. There was a prayer that the lien of the judgment against the said Emma Scarbrough be revived against her lawful heirs, the defendants herein, and against said real estate, and that a writ of *scire facias* issue against the defendants.

The writ was issued and defendants filed an answer which consisted of a general denial together with an allegation that the plaintiff had presented a claim against the estate of Emma Scarbrough in the probate court of Gentry County, Missouri, on November 1, 1927, and had caused the same to be allowed; that the same was a claim founded on the debt and claim now sought to be revived; that on or about November 1, 1927, the probate court rendered its judgment on said claim and demand so filed in said court and gave judgment to the said L. A. Wolford thereon ''and assigned same to sixth class demand;'' that the same is a valid and final judgment based on the debt now sought to be revived and that plaintiff now only has an allowed claim and demand against said estate within the sixth class, and is not entitled to have his judgment claimed to have been rendered in his favor revived; that said judgment no longer exists but is merged in the claim filed and allowed in the probate court, and the plaintiff is now estopped to have a judgment for the same debt so probated as a common claim revived; that the plaintiff, if he had a judgment, had an election of remedies to either have said judgment certified to the probate court as a claim in the fourth class or to treat the same as a common debt and present the same to the probate court for an allowance as a claim and debt against the estate of Emma Scarbrough; that plaintiff, with full knowledge of his rights and of the facts, elected to pursue the course of presenting a claim and demand against said estate for common debt and having the same allowed as such and assigned to the sixth class demands, and having so elected to treat his alleged judgment as a common claim and provable debt against said estate, the judgment, if any, of L. A. Wolford became and was merged in the claim so allowed in the probate court, and that he was required to collect the same through the administration of said estate through a probate court, and was not entitled to abandon his claim so allowed and classified and now seek in the circuit court to revive said judgment.

To this answer plaintiff filed a demurrer which alleged, among other things, that the answer did not state facts sufficient to constitute a defense to plaintiff's action to revive the judgment. The court overruled the demurrer. The cause was called for trial, defendant answered ready for trial, plaintiff stood upon his demurrer, and the court rendered judgment as follows:

"It is therefore ordered and adjudged by the court that the demurrer of plaintiff to defendant's answer be and the same is hereby overruled. It is further ordered and adjudged by the court that the *scire facias* of plaintiff to revive his judgment be and the same is hereby dismissed at the cost of plaintiff."

Plaintiff has appealed.

## OPINION.

It is contended by respondent that the order of the court is not a final judgment, and that the appeal should therefore be dismissed. Defendant cites cases from which it appears that mere orders taxing costs and orders overruling or sustaining demurrers and taxing costs are not final judgments. However, the court in this case dismissed the proceedings and thus exhausted its jurisdiction. It left nothing for further determination in this proceeding. An order dismissing the petition and adjudging the costs against plaintiff is a final judgment from which an appeal lies. [State ex rel. Hemmerla v. Newburn Special Road District, 217 S. W. 605; Mooermeister v. Hannibal, 180 Mo. App. 717; State ex rel. Mary Francis Realty Co. v. Homer, 150 Mo. App. 325; Gale v. Michie, 47 Mo. 326; Anderson v. Moberly, 46 Mo. 191; Flanagan v. Hutchinson, 47 Mo. 237; O'Connor v. Koch, 56 Mo. 253.]

It is further contended that the court properly overruled the demurrer because the answer contained a general denial, and this put in issue the allegation that defendants were the heirs of the judgment debtor. We do not agree with this contention. The general denial puts in issue all facts pleaded in the petition so far as those facts relate to the question as to whether or not plaintiff has a cause of action, but it does not serve the purpose of a plea in abatement. It has repeatedly been held in this State that a general denial admits the capacity in which the plaintiff sues or in which defendant is sued. In the case of Baxter v. St. Louis Transit Co., 198 Mo. 1, the court stated that plaintiff's right to maintain the suit is not put in issue unless the incapacity is specifically pleaded, and a special denial in such case is in the nature of a plea in abatement. In the course of the opinion the court said that the defense that the plaintiff is not the real party in interest is new matter. The same rule applies where there is a misjoinder of parties defendant. [Hallen v. Smith, 305 Mo. 1. c. 167.] Of course, it often happens that by suing the wrong party defendant the plaintiff is rendered unable to establish his allegations as to the merits; because he cannot prove that the defendant is liable to him. But in this case there is no attempt to fix any personal liability on the defendants. If judgment should be rendered against these defendants reviving the judgment, then they are not hurt, whether they be the heirs of the judgment

debtor or not. Neither are the heirs harmed by the proceedings, because the judgment in this case would not be *res adjudicata* as to them. We are therefore convinced that the contention that defendants are not the heirs of the judgment debtor in such a proceeding as this can only be urged under a plea in abatement.

Respondent contends that the demurrer should be overruled because it is alleged that plaintiff filed a demand on his judgment in the probate court against the estate of Emma Scarbrough and that the same was allowed and classified as a demand of the sixth class; that the judgment in the circuit court was merged in the judgment of the probate court, and therefore no longer exists. Appellant contends to the contrary. Before proceeding to the main question we will dispose of two ancillary questions. The answer refers to the judgment in the circuit court as an "alleged judgment" or "any judgment which plaintiff may have obtained." Such hypothetical admissions are not inconsistent with the general denial; but the affirmative defense that "such judgment no longer exists but is merged in the claim filed and allowed in the probate court" admits the rendition of the judgment.

Appellant claims there are only two defenses which can be made in a proceeding to revive a judgment by *scire facias*, namely; *nul tiel* record and subsequent satisfaction or discharge. Whenever a court enumerates the possible defenses that may be interposed in an action, it necessarily means that the defenses named are all that occur to the mind of the court at the time. The statement that no other defense exists, except those named, is necessarily *obiter dictum,* except as to the defenses which were actually interposed in the case under consideration. In Beattie Mfg. Co. v. Gerardi, 214 S. W. 189, our Supreme Court held that a general denial in a proceeding to revive a judgment by *scire facias* did not put in issue the representative capacity of the executrices who brought the action, but recognized the right of the defendant to make the defense that the plaintiff was not the real party in interest by a proper pleading. Such a defense is neither that of *nul tiel* record nor of subsequent satisfaction or discharge. Furthermore, an allegation that a judgment has been destroyed is equivalent to an allegation that it has been discharged. It is our opinion that if the effect of the proceedings in the probate court as alleged in the answer was to destroy the judgment in the circuit court, the defense could be interposed in this proceeding.

Respondent's contention that the judgment in the circuit court was abandoned, merged, or destroyed, because plaintiff filed a demand based on said judgment in the probate court and that his demand was allowed and classified, not as judgments are classified, but as an ordinary demand, is based upon the case of City of Carondelet v. Desnoyer's Adm'rs, 27 Mo. 36. In that case our Supreme Court said:

"The city of Carondelet recovered two judgments against Alexander Desnoyer as security for John F. Barada on two of his official bonds. The securities in one bond were Alexander Desnoyer and Etienne Hebert and in the other Alexander Desnoyer and Antoine Chouquette. The city blended these two judgments in one and presented them as a claim against the estate of Desnoyers as an original demand which had never been allowed, and a judgment was given against it for the demand in its new shape. These being judgments rendered against Desnoyers in his lifetime, there was no necessity for having them allowed again. All that was required on the part of the city was to file the transcripts of the judgments obtained in the circuit court in the probate court in order to have them classed and paid as other demands allowed against the estate. By treating these judgments as the foundation of an original claim they lose their class, for, being made the foundation of a new judgment they could no longer be regarded as judgments rendered against the deceased in his lifetime, but must be looked upon as any other claim that has not been allowed, and a new judgment is entered upon it which will be placed in a lower class than that occupied by judgments rendered against the deceased in his lifetime. By jumbling separate judgments in this way the interests of separate sets of securities are confounded, and it will become a matter of difficulty to settle and adjust their rights."

This case may still be authority for the doctrine that when two or more judgments are pooled and a demand based thereon is presented to the probate court and there allowed as one claim, such an allowed demand constitutes a new judgment not identical with any former judgment, and is thereby reduced to a common claim. But respondent claims that this case is also authority for the doctrine that a single judgment is merged in the judgment of the probate court if it has been presented to the court for allowance in the manner that ordinary claims are presented, and that thereafter the former judgment does not exist. In so far as the case of City of Carondelet v. Desnoyer's Adm'rs, supra, holds that it is not necessary that a judgment be allowed by the probate court it has been overruled. The Supreme Court, in keeping with the doctrine announced in that case later held that it was not necessary to present the judgment for allowance upon notice to the administrator as in case of ordinary demands against the decedent's estate. [Wernse v. McPike Adm'r, 100 Mo. 476.] But in the case of McFaul v. Haley, 166 Mo. 57, the Supreme Court held that it was necessary to give notice to the administrator before a judgment could be assigned to its proper class by the probate court. The court held that the presentation, allowance, and classification of a judgment after legal notice to the administrator was a suit on the judgment; that classification is not

a clerical but a judicial act, and that satisfaction could not be enforced out of the estate without affording the administrator an opportunity to make any lawful defense he might have. The court used this significant language:

"Importance seems to be given by counsel to the term 'allowance' in reference to an ordinary demand and 'classification' in reference to a judgment. But we must be careful to not be confused by terms, by mere form of expression. However limited the inquiry may be, certain it is, some judicial action by the probate court is required, some judgment is to be pronounced, before a claim of the kind in question could be put in condition to be satisfied out of a decedent's estate." The court also said:

"Thus it makes no difference what we call it, even if we denominate the court's action as 'classifying,' still the act is a judgment and the proceeding may involve a trial of fact. If the act of classifying a judgment by a probate court under the circumstances of this case is not itself a judgment, if it is a mere ministerial or clerical or nondescript act, what did the executor in this case appeal from?"

It thus appears that the allowance of a theretofore unadjudicated demand and the classification of a judgment both constitute judgments of the probate court; and therefore the question as to whether or not the judgment of the circuit court lost its identity by merger in the judgment of the probate court does not turn upon the distinction made in the cases of City of Carondelet v. Desnoyer's Adm'rs and Wernse v. McPike, Adm'r, supra.

Furthermore, the doctrine that a former cause of action is merged in a judgment upon that cause of action is subject to limitation. It has been held that the presentation of a claim against the estate of a judgment debtor who has died since the rendition of a judgment does not merge the original judgment nor destroy its lien. [Estate of Wiley, 138 Cal. 301.] Where a judgment creditor intervened in receivership proceedings in order that he might participate in the distribution of the fund in the hands of the receiver, it was held that the judgment was not merged in the decree of the chancellor allowing his claim. [Walker v. Chatterton (Texas), 222 S. W. 1100.] A prior judgment is not merged in a subsequent decree of a court of equity based upon the judgment when the suit in equity was brought for the purpose of collecting the judgment. In such a case the Court of Appeals of the District of Columbia said that in connection with judgments, bills in equity are resorted to by the creditors not for obliterating them, not for merging them, but for the execution of them, and it would be most absurd to assume that a step taken to enforce a judgment and which fails to satisfy it, has the effect of destroying its further efficacy. [Davis v. Sanders, 25

App. (D. C.) 26.] By the clear weight of authority a judgment of a court of one state is not merged in a judgment entered upon it by the court of another state. [Lilly-Brackett Co. v. Soonemann, 163 Cal. 632; Weeks v. Pearson, 5 N. H. 324; Bates v. Lyons, 7 Paige 85; Armour Bros. Bkg. Co. v. Addington, 1 Ind. Terr. 304, 37 S. W. 100; Wells v. Schuster-Hax Nat. Bank, 23 Colo. 534, 48 Pac. 809; Griswold v. Hill, Fed. Cas. No. 5836; Van Winkle v. Owen, 54 N. J. Eq. 253, 34 Atl. 400; Springs v. Pharr, 131 N. C. 1. c. 193, 42 S. E. 590; In re Williams, 208 N. Y. 32, 101 N. E. 853.]

Ordinarily there is no reason why a man should have more than one judgment on one cause of action. But the authorities we have cited clearly demonstrate that the courts will not go beyond the reason of the rule to hold that a judgment is merged in a subsequent judgment thereon if there is any reason why the creditor needs more than one judgment to collect his debt. In our State the creditor may not have execution upon his judgment after the death of the judgment debtor. He must thereafter seek satisfaction of his judgment through the probate court. Our statute provides that judgments rendered against the deceased in his lifetime shall be *classified as demands* of the fourth class, but that if such judgments shall be liens upon the real estate of the deceased and the estate shall be insolvent, such judgments as are liens upon the real estate of the deceased shall be held as provided in sections 147 to 155, inclusive, Revised Statutes 1919, *without reference to classification*, except the class of demands mentioned in the first and second subdivision of section 181, Revised Statutes 1919. Section 149, Revised Statutes 1919, provides that the proceeds of the sale of real estate subject to the lien of the judgment shall be first applied to the payment of such judgment, and only the residue of the proceeds shall become assets in the hands of the executor or administrator. It therefore appears that the certification of a judgment to the probate court requires it to be classified *as a demand,* and that such classification is a judgment. But it is a judgment in aid of a former judgment, in the same sense as the allowance in receivership proceedings of a claim upon a judgment, or a suit upon the judgment in a foreign state, or the decree of a court of equity upon the judgment in aid of its satisfaction, or in aid of the original judgment. Such judgments do not destroy the vitality of the original judgments. After the death of the judgment debtor satisfaction must be obtained by ancillary proceedings in the probate court, but it is still necessary to revive the lien of the judgement by proceedings in the circuit court. There is nothing inconsistent in pursuing both remedies simultaneously. [Kink v. Hayes, 9 S. W. (2d) 538; Griswold v. Johnston, 22 Mo. App. 466.]

Taking the allegations of the answer as true, it appears that the judgment debt has been assigned to the sixth class by the probate

court. We think that this was error, even though the plaintiff unnecessarily filed a verified statement of the amount and nature of his claim with a copy of his judgment. Nevertheless, that error cannot be corrected in this proceeding. It therefore appears that demands of the first five classes will have precedence over plaintiff's judgment in the distribution of the general assets in the probate court. However, the provision that judgments shall be assigned to the fourth class is not the only provision of the statute relating to judgments, as previously pointed out. It is also provided that the proceeds of the sale of the real estate shall be first applied to the payment of the judgment which is a lien thereon. [Section 149, R. S. 1919.] This shall be done *without reference to classification,* except the classes mentioned in the first and second subdivision of section 181, Revised Statutes 1919. It thus appears that it is not a useless proceeding to revive the lien of the judgment, even though it has erroneously been classified as a demand of the sixth class.

The judgment should be reversed and the cause remanded. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of BARNETT, C., is adopted by the court. The judgment is reversed and the cause remanded. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.